### TEXAS EMPLOYERS' INS. ASS'N v. LANE.

No. 15361.

Court of Civil Appeals of Texas. Fort Worth.

June 27, 1952.

Rehearing Denied Sept. 12, 1952.

Nelson, Montgomery, Robertson & Sellers, Wichita Falls, for appellant.

Peery, Kouri & Wilson, Wichita Falls, for appellee.

RENFRO, Justice.

This is an appeal from a judgment in a workmen's compensation case in favor of appellee Ben Ellis Lane against Texas Employers' Insurance Association.

The first point of error is based upon the action of the court in excusing from the jury panel two prospective jurors.

The jurors carried workmen's compensation insurance on their employees with the appellant and the court held said jurors to be disqualified under Article 2134, Revised

Civil Statutes. Subdivision 2 of said article disqualifies any person interested, directly or indirectly, in the subject matter of the suit.

The appellant, Texas Employers' Insurance Association, was created by Article 8308, Revised Civil Statutes of Texas. Under Sec. 8 of said article, each subscriber is given a vote in proportion to the number of employees. Sec. 15 provides that if at the end of any calendar year the association is not possessed of admitted assets in excess of unearned premiums sufficient for the payment of its incurred losses and expenses, it shall make an assessment for the amount needed to pay such losses and expenses, and provides that every subscriber shall pay his proportionate part of any assessment which may be levied by the association on account of losses and expenses incurred. Sec. 16 provides that the board of directors may by vote fix the amount to be paid as dividends on the policies in force during each calendar year after retaining sums sufficient to pay all compensation which may be payable on account of injuries sustained and expenses incurred during the calendar year.

■ The two prospective jurors were interested parties in the sense that they might be subject to assessments, or, on the other hand, might be entitled to dividends, depending upon the financial status of the association at the end of the calendar year. To that extent they were interested in the outcome of the suit. The court did not err in excusing said jurors.

■ In any event, the trial court did not commit reversible error. Rule 434, T.R.C. P., provides that no judgment shall be reversed on appeal in any cause on the ground that the trial court has committed an error of law unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and did cause the rendition of improper judgment.

There is no showing that the appellant was forced to accept any objectionable juror or that he was prejudiced by reason of the trial court's ruling, and no showing that

he was denied a trial by a fair and impartial jury.

The point of error is overruled.

■■ The jury, in answer to special issue No. 4, found that the injury to plaintiff resulted in the total loss of the use of his right hand, and in answer to special issue No. 6 found that such total loss of the use of plaintiff's right hand is permanent. The appellant contends there was no evidence to justify the submission of special issue No. 6, and that there was insufficient evidence to justify the submission of such issue which allowed the jury to find that the total loss of the use of plaintiff's right hand was permanent.

The record, viewed in the light most favorable to the trial court's judgment, shows that the appellee's right distal forearm had a severe laceration about three inches long and two inches deep. The ulnar artery was cut across and several portions sublinius tendons severed. The wound bled profusely at the time of the injury and it was necessary for him to wear a cast for at least four weeks. The wrist and hand at the time of the trial were still swelling and causing severe pain. He had to be shifted from jobs requiring both hands to jobs where he could perform the work with one hand. In trying to use pliers, his hand cramps and he drops the instrument. There was some improvement for a while after he left the hospital, but for a period of four months prior to the trial he had noticed no improvement. He has stiffness in the fingers and cannot close them without pressure and has no grip in part of his hand. Two witnesses testified that appellee was shifted from one job to another so that he would not have to use his right hand. Witnesses had heard him complain about his arm hurting him and giving him great pain. The witness, Dr. Parnell, testified that appellee was going to have some permanent disability, that some of the fingers would get worse because the nerves had been damaged.

The appellee sued for the total loss of the use of the right hand. Total loss of use of hand does not imply an absolute disability to perform any kind of labor but such incapacity of the hand that it disqualified

the appellee from performing the usual task of a workman in such a way as to enable him to procure and retain employment requiring the use of said hand, is ordinarily regarded as total incapacity of the hand. Traders & General Ins. Co. v. Maxwell, Tex.Civ.App., 142 S.W.2d 685; Travelers Ins. Co. v. Calcote, Tex.Civ.App., 205 S.W. 2d 56.

We believe the evidence heretofore set out, in addition to other testimony in the record bearing on the appellee's condition, is sufficient to uphold the jury's finding that the loss of the use of appellee's right hand is permanent.

We overrule the points of error.

The judgment of the trial court is hereby affirmed.