Willie DONNELL, Appellant,

v.

Belva ACKER, a feme sole, Appellee.

No. 13611.

Court of Civil Appeals of Texas.

Houston.

March 2, 1961.

Butler, Binion, Rice & Cook; Charles C. Crenshaw, Jr., Houston, for appellant.

Jack Y. Hardee, Athens, for appellee.

COLEMAN, Justice.

This is a suit for damages arising out of an intersectional collision tried in the District Court of Anderson County, Texas, without a jury. The Trial Court rendered judgment for Belva Acker, plaintiff, in the sum of $3,103.31. The Trial Court filed findings of fact and conclusions of law, and, on exceptions being filed by defendant, additional findings of fact convicting defendant of negligence proximately causing the injuries suffered by plaintiff and absolving plaintiff of contributory negligence. Defendant has properly prosecuted an appeal to this Court.

While appellant has brought forward eighty six Points of Error, all of them complain that the findings of fact of the Trial Court have no support in the evidence or that the evidence is wholly insufficient to support such findings.

■ The Court found as a fact that the defendant failed to stop at a red blinking signal light at the intersection where the collision occurred and that this failure was a proximate cause of the collision. Both the plaintiff and an eye witness, Jim Pike, testified positively that he did fail to stop. The testimony, construed favorably to the finding of the Court, showed that defendant was driving at a greater rate of speed than plaintiff; that plaintiff applied her brakes when she realized defendant was not going to ·stop, but was unable to avoid the collision. The evidence supports the finding that defendant's failure to stop at the blinking red light was the proximate cause of the collision.

Plaintiff testified that she received injuries in the collision. Dr. Norris Holt testified that he examined plaintiff on June 5, 1958, and found evidence of injury. In answer to a hypothetical question Dr. Norris testified without objection that the injuries he found resulted from the collision in question. These findings are sufficient to support the judgment unless there was contributory negligence on the part of plaintiff.

It is elementary law that the defendant has the burden both of presenting evidence raising issues of contributory negligence, and of securing favorable findings, in order to defeat plaintiff's recovery. Here there was evidence which would have sustained findings of contributory negligence, but we are unable to hold as a matter of law that the evidence compelled such findings. Consequently, even if we should find that the Court's findings of fact on the question concerning plaintiff's conduct were supported by no evidence, there would be no reversible error. The Court. found that plaintiff did not fail to keep a proper lookout; did not fail to sound her horn; did not drive at a speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances; did not fail to make a timely application of her brakes, etc. If we rule that these findings of fact are supported by no evidence, such a ruling would not be equivalent to holding that a preponderance of the evidence established the opposite of the question. There might be no credible evidence to establish either the affirmative or the negative of the question.

■ The Court's findings of fact should be overturned on the ground that they are contrary to the great weight and preponderance of the evidence only if the record as a whole clearly warranted the view that the evidence favorable to the Court's findings is vitiated by "improbability and fallaciousness," Dyer v. Sterett, Tex.Civ.

App., 248 S.W.2d 234, 238, and opposed by other proof preponderating against the Court's findings, Continental Bus System, Inc. v. Biggers, Tex.Civ.App., 322 S.W.2d 1. We hold that none of the Court's findings of fact on the issues of contributory negligence are contrary to the great weight and preponderance of the evidence.

All of appellant's assignments of error have been carefully considered and we find no reversible error.

The judgment of the Trial Court is affirmed.