TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Joe B. SEABOLT, Appellee.

No. 3649.

Court of Civil Appeals of Texas.

Eastland.

Nov. 3, 1961.

Rehearing Denied Nov. 17, 1961.

Turpin, Kerr, Smith & Dyer, Midland, for appellant.

Warren Burnett, Odessa, for appellee.

COLLINGS, Justice.

This is a Workmen's Compensation case. Joe B. Seabolt brought suit to recover compensation from the Travelers Insurance Company for permanent loss of use of his hand. Issues in the case were the extent and duration of the loss of use of plaintiff's right hand and the question of whether such injury was confined to the little finger of the right hand. The trial was before a jury and, based upon the verdict, judgment was entered awarding maximum benefits under the Workmen's Compensation law for the permanent loss of use of plaintiff's right hand. The Travelers Insurance Company has appealed.

Points of error complain of the action of the trial court in overruling and in not sustaining appellant's objections to Special Issues Numbers 1 and 4 of the court's charge. The complaints are directed at the use of the term "loss of use" rather than "total loss of use." Special Issues Numbers 1 and 4 and the court's instructions in connection therewith and the answers of the jury were as follows:

"Special Issue No. One.

"Do you find from a preponderance of the evidence that the injury to plaintiff's right hand on the 6th day of October, 1959, if any, has resulted, or will result, in a 'loss of use' of said hand?

"Answer: Yes or No.

"Answer: Yes.

"By the term 'loss of use', as used in this charge is meant that the member is so affected as to substantially and materially impair the use thereof in the practical performance of its functions in the pursuit of a laboring man." (Tr. 12.)

The jury found that such "loss of use" was permanent. In connection with the question as to whether or not any loss of use was partial, the court submitted the following issue and accompanying instruction:

"Special Issue No. Four.

"Do you find from a preponderance of the evidence that the plaintiff, Joe B. Seabolt, has or will suffer any partial loss of use of his right hand as a result of the injury to said hand, if any, on the 6th day of October 1959?

"Answer: Yes or No.

"Answer: No

"By the term 'partial loss of use' as used herein means any degree of loss less than 'loss of use' as that term is defined for you in this charge. In this connection, you are further instructed that a person cannot have 'loss of use' of his right hand and 'partial loss of use' of his right hand during the same period of time. That is, if the plaintiff suffered permanent 'loss of use' of his right hand, he could not suffer 'partial loss of use' of his right hand for any period of time, or, if the plaintiff has suffered 'partial loss of use' of his right hand for any period of time, he

cannot have suffered 'loss of use' of his right hand for such period of time."

Objections made by appellant to the special issues were as follows:

"Defendant objects to the submission of Special Issue No. 1 in the form submitted because the court asks whether or not the injury will result in 'loss of use' of his right hand during the same in doing so will confuse the jury and lead them to believe that any loss of use would be a total loss of use. And no judgment could be based upon an affirmative answer to this issue. The issue is prejudicial to the defendants inasmuch as by the use of the term 'loss of use' instead of 'total loss of use', the jury will be led to believe that any such loss of use will be total loss of use and the jury will believe that the court has so instructed them, when, in fact, loss of use could mean any degree of loss of use between Zero and a hundred per cent."

"Defendant further excepts to the submission of Special Issue No. 4, add the instruction contained in such issue for the reason that the court incorrectly defines partial loss of use in stating that partial loss of use is any degree of loss less than 'loss of use'. The way the court has instructed the jury on this term will lead the jury to believe that a person cannot have any degree of 'loss of use' and 'partial loss of use' of the right hand during the same period of time, when, in fact, any degree less than a hundred percent loss of use oc the hand is 'partial loss of use of the right hand', and in fact the plaintiff could have suffered 'loss of use' of the right hand and at the same time suffered partial loss of use."

Appellant contends that the court erred in overruling its objections and exceptions to the charge and that a new trial should be granted because the answers to such issues considered in connection with the instruc-

tions do not constitute a finding concerning percent of loss of use of the hand; that the jury has found only "loss of use", that is, that appellee suffered a material and substantial impairment of the use of the hand and that no judgment could be written upon the findings; that the court did not inquire and the jury did not find that there is or was a "total loss of use" of appellee's hand; that the charge is therefore confusing and the finding ambiguous; that appellant was particularly prejudiced by the action of the court in instructing the jury that they could not find "partial loss of use", if they found a "loss of use" defined as a substantial and material impairment; that the jury was led to believe that any "loss of use" was a "total loss of use" because any substantial percentage of loss of use would be material and substantial. Appellant contends that the court's instruction was, in effect, that if they found impairment of appellee's hand to a degree more than insubstantial and more than immaterial, then they could not find that there was a "partial loss of use" of the right hand, and that their answer to Special Issue No. 4 under such instructions could not have been otherwise than "No;" Appellant urges that it was therefore denied the right to a finding on the question of whether appellee has or will suffer any material or substantial partial use of his hand.

The jury found that appellee sustained or will sustain a "loss of use" of his hand, and found such "loss of use" to be permanent. Art. 8306, Sec. 12, Vernon's Ann.Tex.Civ.St., provides that "permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member." The word "total" is not used by the statute in connection with specific injuries. The term "loss of use" as used in the statute, when unqualified, apparently has substantially the same meaning as "total loss of use." This as we understand, is in accord with appellee's contention. The term "total loss of use" has in specific injury cases been used with approval of our appellate courts.

Texas Employers Insurance Company v. Lane, Tex.Civ.App., 251 S.W.2d 181, Supreme Court; The Travelers Insurance Company v. Calcote, Tex.Civ.App., 205 S.W.2d 56, 59, (N.R.E.); Traders & General Insurance Company v. Maxwell, Tex.Civ.App., 142 S.W.2d 685, dismissed judgment correct. This would appear to be the more desirable way to submit specific injury loss of use cases, because it more clearly presents the question involved with less possibility of misinterpretation or misunderstanding.

However, in the case of American General Insurance Co. v. Florez, Tex.Civ.App., 327 S.W.2d 643, 650, the court inquired of the jury whether the claimant suffered "loss of use" of his arm rather than "total loss of use". The Court of Civil Appeals in passing upon the complaint to such a submission stated that if a proper definition of the phrase "loss of use" was given, the jury would be guided by the definition and that the omission of the word "total" would not change the result. This statement is technically correct. The case of Traders & General Insurance Company v. Porter, Tex.Civ.App., 124 S.W.2d 900, (Writ Ref.) was cited in the Florez case as controlling. In that case substantially the same definition used by the court in the instant case was held proper by the Court of Civil Appeals and a Writ of Error was refused. We follow the holding in those cases and overrule appellant's points complaining of the manner of submission of Special Issues Numbers 1 and 4.

We also overrule appellant's points contending in effect that there was no evidence or insufficient evidence to support the submission to the jury of Special Issues Numbers 1 and 4. There was evidence to the effect that appellee Seabolt did not have the strength in his hand that he had prior to the injury, that after the injury he did not regain the full use of his right hand, that the condition of his hand interfered with his ability to climb, to carry tools, to use wrenches, or to use a hammer and that the injury substantially and materially affected

the use of his hand in the performance of his work; that although appellee has obtained employment and has been working since his injury, he was put on different jobs where he could get along easier; that he has pain in his hand when he attempts to use it for work, that he can work but cannot do it as well as he could before, and that to do it at all causes pain. This evidence in our opinion supported the submission to the jury of Special Issues Numbers 1 and 4.

The judgment is affirmed.