The TRAVELERS INSURANCE COMPANY, Petitioner,

v.

Joe B. SEABOLT, Respondent.

No. A–8770.

Supreme Court of Texas.

Oct. 17, 1962.

———◆———

Turpin, Kerr, Smith & Dyer, Midland, for petitioner.

Warren Burnett, Odessa, for respondent.

NORVELL, Justice.

This is a workmen's compensation case. The trial court rendered judgment upon jury findings allowing Seabolt a recovery for the permanent loss of the use of his right hand. The Court of Civil Appeals has affirmed, 351 S.W.2d 350. We sustain Travelers' point of error which asserts that "the Court of Civil Appeals erred in affirming a judgment awarding maximum benefits in a Workmen's Compensation case for injury to a hand, when there is no evidence of the total loss of the use of such hand." The judgments of the trial court and the Court of Civil Appeals are reversed and the cause remanded for another trial.

■ In addition to the point above set out, the application for writ of error was also granted upon a point complaining of the way in which the case was submitted to the jury. In determining the question of reversible error in connection with a jury submission, it is necessary to consider the objections of counsel made to the charge and the like. In view of our holding on the "no evidence" point asserted by Travelers, it is unnecessary to consider the details and technicalities of the charge and the objections thereto other than to point out that, as an abstract proposition, Special Issue No. 1 and the definition accompanying it does not embody a correct statement of the substantive law relating to a total loss of the use of a hand. In the interest of clarity, Special Issue No. 1 and the definition accompanying it are here set forth:

"Special Issue No. One.

"Do you find from a preponderance of the evidence that the injury to plaintiff's right hand on the 6th day of October, 1959, if any, has resulted, or will result, in a 'loss of use' of said hand?

"By the term 'loss of use', as used in this charge is meant that the member is so affected as to substantially and materially impair the use thereof in the practical performance of its functions in the pursuit of a laboring man."

■■ Article 8306, § 12[1] provides that "the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member." Although the word "total" is not used, it is clear that the Legislature intended the phrase to mean a total loss of the use of a member. While the absence of the word "total" is not necessarily fatal to a correct submission of an issue, if followed by a proper definition, the use of the word in the issue itself is recognized as the preferable form of submission.[2]

There are two concepts of the phrase, "total loss of the use of a member." Under the wording of the statute it can be said that a total loss of the use of a member exists whenever, by reason of injury, such

1. Vernon's Ann.Tex.Stats.

2. In its opinion in this case, the Court of Civil Appeals said:
   "The term 'total loss of use' has in specific injury cases been used with approval of our appellate courts. (Citing authorities) This would appear to be the more desirable way to submit specific injury loss of use cases, because it more clearly presents the question involved with less possibility of misinterpretation or misunderstanding."

   See also, Kearby Peery, "Texas Workmen's Compensation Practice, pp. 97–8."

member no longer possesses any substantial utility as a part of the body. This meaning of the phrase does not embrace or have reference to the effect which the injury may have upon the injured party's earning capacity or his ability to secure and retain employment. The loss in law amounts to a partial disability and is compensable as such even though in fact no diminution of earning power has resulted. Aetna Casualty & Surety Co. v. Moore, Tex.Sup., 361 S.W.2d 183, Fidelity Union Casualty Co. v. Munday, Tex.Com.App., 44 S.W.2d 926, Texas Employers Ins. Ass'n v. Thrash, Tex.Civ.App., 136 S.W.2d 905, l. c. 907, wr. dism., judgm. cor.

There are however a number of decisions which support a somewhat broader concept than that above stated and one which will in most instances be more favorable to the injured workman than the one just stated. Although a member may possess some utility as a part of the body, if its condition be such as to prevent the workman from procuring and retaining employment requiring the use of the injured member, it may be said that a total loss of the use of a member has taken place. Texas Employers' Ins. Ass'n. v. Lane, Tex.Civ.App., 251 S.W.2d 181, ref. n. r. e., Travelers Insurance Co. v. Calcote, Tex.Civ.App., 205 S.W.2d 56, ref. n. r. e., Traders & General Ins. Co. v. Maxwell, Tex.Civ.App., 142 S. W.2d 685, wr. dism., judgm. cor. Cf. Choate v. American Motorist Ins. Co., Tex.Civ.App., 323 S.W.2d 188, no wr. hist. The phrase "loss of the use" naturally raises the question of loss of use for what purposes. The decisions mentioned above answer this question by relating the inquiry to purposes of work.

In testing the evidence we are governed by the following proposition or statement of law:

A total loss of the use of a member exists whenever by reason of injury, such member no longer possesses any substantial utility as a member of the body, or the condition of the injured member is such that the workman cannot procure and retain employment requiring the use of the member.

■ Should the evidence be sufficient in law to satisfy either of the two requirements stated above the judgment should be affirmed, otherwise a reversal must be ordered.

Seabolt, who was a pipe fitter, testified that he returned to his job within one week after sustaining the injury in question and continued on the job until it was finished. Thereafter, he applied for and received unemployment compensation for a period of time upon his representation that he was able to work but could find no employment. At the time of the trial and for six to eight weeks prior thereto, he was steadily employed on another job in Big Spring, Texas, still as a pipe fitter, and was making a slightly higher wage than at the time of his injury. Seabolt testified that he could not pull on wrenches as he used to, and that he was no longer as accurate with a hammer because of a poor grip. At his present job, he was first assigned to do screw pipe work, but was then transferred to working with a welder since this required less use of the injured hand. The welder with whom Seabolt worked on his pipe fitting job testified that Seabolt favored his right hand and that he frequently had to change positions in order to use his left hand. He did, however, work with his right hand, and his employer had never complained as to the caliber of that work. It can not be said that this evidence is sufficient in law to show *either* that the hand possesses no substantial utility as a part of the body *or* that appellee can not procure and retain employment requiring the use of the hand. The testimony shows no more than an impairment in the use of the hand, i. e., a partial loss of the use, rather than a total loss of the use of the hand. The evidence did not call for a submission of the "total loss of the use" theory. The case should have been submitted upon the basis of a partial rather than a total loss of the use of the hand.

What has been said above is to some extent contrary to the concept of total loss of use expressed by way of dicta in Traders & General Insurance Co. v. Porter, Tex. Civ.App., 124 S.W.2d 900, wr. ref. The statement in Porter that by "loss of use * * * is meant that the member is so affected as to substantially and materially impair the use thereof, in the practicable performance of its functions in the pursuit of a laboring man" obviously includes the concept of an impairment of the use of a member. It does not describe a total loss of the use as distinguished from a partial loss of the use of a member, and hence cannot be approved.

Being of the opinion that our order heretofore rendered, which reverses the judgments of the lower courts and remands this cause for a new trial is correct, we overrule appellees motion for rehearing. The foregoing opinion will however be substituted in lieu of the original opinion which is withdrawn.

Motion for rehearing overruled.