**ANGELINA CASUALTY COMPANY,
Petitioner,**

v.

**Tommie H. HOLT, Respondent.**

No. A–8782.

Supreme Court of Texas.

Oct. 24, 1962.

Rehearing Denied Dec. 12, 1962.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for petitioner.

Fulmer, Fairchild & Badders, Nacogdoches, for respondent.

GRIFFIN, Justice.

This is a Workmen's Compensation case. After an award by the Industrial Accident Board, respondent, as plaintiff, appealed and sued petitioner, as defendant, in the District Court of Angelina County, Texas, alleging general injuries to his body resulting in total permanent disability. By trial amendment, plaintiff alleged that he sustained the loss of use of his left arm, which was and will be total and permanent, and asked for 200 weeks' compensation. In answer to special issues, the jury found total incapacity for 14 months and loss of the use of the left arm for 28 months. Judgment was rendered for plaintiff for compensation for 28 months at the maximum rate of $35.00 per week. On appeal by defendant, the Court of Civil Appeals affirmed the judgment of the trial court. Tex.Civ.App., 351 S.W.2d 627.

We reverse the judgment of both courts below and remand the cause to the district court for new trial.

Defendant assigns as error in this court that the Court of Civil Appeals erred in not sustaining its point of error complaining of the trial court's action in overruling its objections to Special Issues Nos. 7, 8 and 9 of the trial court's charge, for the reason that such issues did not submit the ultimate and controlling issues of the extent of the loss of use of plaintiff's left arm. Defendant also says the Court of Civil Appeals erred in not sustaining its point of error complaining of the trial court's action in overruling its objection to the trial court's submission to the jury of Special Issue No. 7 and its accompanying definition of "loss of use," over defendant's timely objection that the definition "did not define any term in the issue, was inconsistent therewith, and was a confusing,

rather than clear submission to the jury." We sustain these assignments of error.

Special Issue No. 7, and its accompanying definition as contained in the court's charge are:

"Do you find, from a preponderance of the evidence, that the injury, if any, sustained by plaintiff on the 3rd day of October, 1958, if any, has resulted or will result in *a* loss of *the* use of his left arm?"

"By the term 'loss of use,' as used in this charge, is meant that the member is so affected as to *substantially and materially* impair the use thereof, in the practical performance of its functions in the pursuit of a laboring man." (Emphasis added).

This definition is a copy of a similar definition approved by the Court of Civil Appeals in the case of Traders & General Insurance Company v. Porter (Tex.Civ.App. 1939), 124 S.W.2d 900, writ of error refused. Also, it is the exact definition given in Travelers Insurance Company v. Seabolt, (Court of Civil Appeals), 351 S.W.2d 350. The Porter case was one in which the plaintiff therein recovered a judgment for total incapacity for 150 weeks. The Seabolt case was one in which the plaintiff therein recovered maximum benefits for the permanent loss of the use of his right hand. In our case, we have a recovery under Workmen's Compensation Law for a total loss of the use of plaintiff's left arm for 28 months. In the Seabolt case, the issue only inquired about a "loss of use" of the right hand, whereas, in our case, the issue inquired about a "loss of *the* use" of the left arm. Otherwise, the two issues were the same.

In our recent case of Travelers Insurance Company v. Seabolt, Tex., 361 S.W.2d 204, we reversed the Court of Civil Appeals and remanded the case to the District Court for a new trial. In that opinion, we sought to clarify the law regarding *total loss of use* of a specific member under Art. 8306, Sec. 12, Vernon's Annotated Texas Civil Statutes, and also discussed the meaning of the definition under attack herein. We there held that this definition does not correctly embody a statement of the substantive law relating to a total loss of the use of a member. We recommended that the trial court use the word "total" in an issue where the question was if there was a total loss of the use of a specific member. We held that the definition used in the Porter case, 124 S.W.2d 900, writ refused, is not a correct definition of the total loss of the use of a member, but defines a partial loss of the use of a member.

We see no need for elaboration on our holding in Seabolt that the definition used herein did not define the "total" loss of the use of plaintiff's left arm but only defined a "partial" loss of the use of the arm. It was error to submit this phase of the case as the trial court did, over defendant's proper objections.

Here we have Special Issue No. 7, inquiring as to a loss of the use, with a definition accompanying it which permitted the jury to return a favorable answer to the issue on evidence showing not a "total" loss of use, but only a partial loss of use.

The plaintiff pleaded that he suffered a "total" loss of the use of his left arm, and recovered for such loss. The issue as defined did not determine the ultimate issue of whether or not plaintiff had suffered a "total" loss of use of his left arm. It was a confusing submission to the jury of the grounds of plaintiff's recovery. Special Issues Nos. 8 and 9 inquired about the duration of the injury.

■ Plaintiff seeks to sustain the action of the trial court in overruling defendant's objection to Special Issue No. 7, and its accompanying definition, on the ground that the defendant failed to submit a correct definition of "total" loss of use of the left arm. Plaintiff claims defendant had this duty. His reasoning runs as follows: Special Issue No. 7 submits issue of "total" loss of use, the definition given by the courts defines only "partial" loss of use, and there-

fore the duty was on defendant not only to object to the failure of the court to define "total" loss of use, but also to submit a correct definition of "total" loss of use to the trial court.

The law is that where the court gives a definition which is defective, an objection by the opposite party is sufficient to preserve his rights, and it is not necessary for him to tender a correct definition. Yellow Cab & Baggage Co. v. Green, 1955, 154 Tex. 330, 277 S.W.2d 92(1), and the authorities therein cited. Defendant herein preserved his point of error by his objections to the court's charge.

Defendant also assigns error to the failure of the trial court to give his requested Issue No. 4, reading:

"Do you find from a preponderance of the evidence that plaintiff's injury resulted from an altercation between him and Shirley Patterson at Center, Texas, on October 4, 1958?"

Defendant went to trial on its Second Amended Original Answer. In this Answer there was a general denial which put in issue whether or not the plaintiff had sustained an injury on October 3, 1958, in the course of his employment. This Answer contained no mention of plaintiff's injuries being caused and resulting from an altercation with Shirley Patterson at Center, Texas, on October 4, 1958. This came into the case as a result of a trial amendment filed by defendant on the same day as the court delivered his charge, and evidently after the close of the evidence for both parties. The allegation is:

"Defendant further alleges that such injury and disability as plaintiff may now have or did have after October 3, 1958, was and is caused and resulted from an altercation which occurred between the plaintiff and Shirley Patterson at Center, Texas, on or about October 4, 1958."

The record shows that this altercation took place at a tavern in or near Center, Texas, on the day following plaintiff's injury for which he sued. It also shows that the altercation and injuries, suffered therein, had no connection whatsoever with plaintiff's employment.

The trial amendment brought into the case an affirmative defense on behalf of defendant. On another trial the court should submit this defense to the jury.

The other assignments of the defendant have to do with matters that are not likely to arise on the retrial of this cause, so we do not discuss them.

The judgments of the Court of Civil Appeals and the trial court are both reversed, and this cause is remanded to the trial court for trial in accordance with this opinion.