Thomas A. WHALEY, Appellant,

v.

TRANSPORT INSURANCE COMPANY, Appellee.

No. 1047.

Court of Civil Appeals of Texas, Tyler.

Dec. 1, 1977.

Rehearing Denied Dec. 29, 1977.

**452**

Michael Thomas, Bean, Francis, Ford & Wills, Dallas, for appellant.

John L. Lancaster, III, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

DUNAGAN, Chief Justice.

After consideration of appellant's motion for rehearing, we withdraw our earlier opinion delivered on November 3, 1977, and substitute this opinion in lieu thereof.

This is a workmen's compensation case in which the appellant, Thomas A. Whaley, sought a finding of total and permanent loss of use of his left leg against the appellee, Transport Insurance Company. The jury returned the following answers to special issues:

1. Total loss of use of the left leg from October 21, 1974, until December 3, 1974.

2. Permanent partial loss of use of the left leg beginning on December 4, 1974, the degree of which is 20%.

The trial court rendered judgment on the jury verdict. It is from this judgment that appellant appeals. The appellant complains in his points of error that each of the above jury findings are supported by no evidence and alternatively are against the great weight and preponderance of the evidence.

We look only to the favorable evidence in passing upon the "no evidence" points, and to the entire record in passing upon the "great weight and preponderance of the evidence" points. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

The facts of the case are that on March 29, 1974, while the appellant was an employee of Central Freight Lines in Dallas, a cart broke loose pinning his left knee against a wall. The appellant returned to work two weeks after the injury but continued to complain of pain and swelling in his knee. Surgery was performed in October 1974 to remove torn cartilage from appellant's left knee. He returned to work in early December of 1974, and continued to complain of pain and swelling until he left Central Freight in April of 1975 after a second cart had bumped his knee.

The appellant's contention during trial was that he suffered a total and permanent loss of use of his left leg. The appellant's evidence consisted of testimony by himself, his wife and a doctor. The defense produc-

ed no witnesses, merely cross-examining those witnesses put on by the appellant.

The credibility of the testimony of the appellant and his wife as interested witnesses is a matter for the jury. The jury is not required to take this testimony at face value. *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292, 297–298 (1956); *Scott v. Gardner,* 137 Tex. 682, 156 S.W.2d 513, 516 (1941, opinion adopted). This court has the power to grant a new trial where the finding of the jury or the court is so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, but we are not authorized to substitute our judgment for that of the jury or the court simply because we might have reached a different conclusion on the facts. *Dyer v. Sterett,* 248 S.W.2d 234 (Tex.Civ. App.-San Antonio 1952, n. w. h.); *Continental Bus System, Inc. v. Biggers,* 322 S.W.2d 1 (Tex.Civ.App.-Houston 1959, writ ref'd n. r. e.); *Donnell v. Acker,* 343 S.W.2d 718 (Tex.Civ.App.-Houston 1961, n. w. h.); *Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017 (1950); 4 McDonald Texas Civil Practice, sec. 18.15, p. 1459; Rule 328, T.R.C.P.

The appellant worked at several different jobs subsequent to his injury and prior to the time of trial. There is testimony in the record that his leg prevented him from being able to do these jobs and forced him to leave his employment. However, there is testimony in the record stating that the appellant left a job at the Mexia State School because of the unpleasant surroundings. In concluding his testimony regarding this particular job, the appellant stated that he had no trouble doing the job.

In *Travelers Insurance Company v. Seabolt,* 361 S.W.2d 204 (Tex.1962), the Supreme Court of Texas wrote, at page 206, that in examining the evidence regarding the loss of use of a specific member we are governed by the following rule:

"A total loss of use of a member exists whenever by reason of injury, such member no longer possesses any substantial utility as a member of the body, or the condition of the injured member is such that the workman cannot procure and retain employment requiring the use of the member."

In our opinion, the testimony presented in this case does not establish either of the two requirements stated above to such a degree that the jury verdict can be said to be so against the great weight and preponderance of the evidence as to be manifestly unjust and unfair.

The doctor testified that the appellant suffered a ten percent permanent partial disability as a result of the injury and subsequent surgery. At other points in his testimony, the doctor referred to this ten percent disability as a functional disability. We have found no Texas cases defining functional disability. However, the term functional disability has been defined in another jurisdiction as ". . . the loss of a part of the total physiological capabilities of the human body." *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 558 P.2d 146, 149–150 (1976); see also *Unger v. Balkan Mining Co.,* 248 Minn. 510, 80 N.W.2d 846, 848 (1957). In Texas, it has been held that loss of use of a specific member of the body is not limited to the loss of the physical function of the member. *Travelers Ins. Co. v. Calcote,* 205 S.W.2d 56, 59 (Tex.Civ.App.-Fort Worth 1947, writ ref'd n. r. e.). However, merely because functional disability is not a proper test to determine loss of use of a specific member under our Workmen's Compensation Act, we do not feel the testimony of the appellant's doctor concerning functional disability is without probative force. The jury is entitled to consider this testimony and all other testimony presented in the case in light of the court's charge and thereby render a verdict. We believe that the jury could reasonably construe the testimony about the ten percent permanent partial disability and the ten percent functional disability and arrive at the findings we are presented with in this case.

At one point in his testimony, the doctor testified to the following statements that do not support a recovery for total loss of use:

"Q. Doctor, do you have an opinion as to whether or not he—Mr. Whaley could get and keep a job which required the use of his left knee, doing the usual tasks of a workman which involved jumping, climbing and lifting?

"A. No. I don't.

"Q. Do you have an opinion as to whether or not his left leg and knee would suffer any substantial utility in the practical performance of his duties—the duties of a workman, which we have just mentioned, running, jumping, climbing and standing?

"A. He would be restricted."

The testimony of the doctor also showed that the plaintiff could do any job involving his knee if he were willing to pay the price for doing it. It is unclear whether that price would be pain or future surgery, although it does appear in the record that the doctor could not say future surgery was a medical probability. It also appears in the record that appellant's doctor testified that if corrective measures were needed in the future to lessen the effects of traumatic arthritis in the left knee, such measures would "patch it up."

We have studied the entire record and have concluded that the verdict is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.1973); *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966); *In re King's Estate,* supra; *Parrish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304 (1960). Accordingly, appellant's second and fourth points of error are overruled.

Appellant's first and third points of error asserting that there is no evidence to support the jury's findings are likewise overruled.

Appellant's motion for rehearing is overruled and the judgment of the trial court is affirmed.