**TEXAS GENERAL INDEMNITY CO., Appellant,**

v.

**James L. GLOVER, Appellee.**

**No. 8567.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 31, 1980.

Rehearing Denied Feb. 26, 1981.

James J. Zeleskey, Lufkin, for appellant.

George Chandler, Lufkin, for appellee.

KEITH, Justice.

Defendant below appeals from an adverse judgment entered after a jury trial of a claim for worker's compensation benefits. Plaintiff below suffered a broken bone in his left ring finger in an on-the-job accident while working for Louisiana Pacific Corporation.

The jury found that such injury resulted in the total and permanent loss of use of the ring finger; that the injury extended to and affected the middle finger, the little finger, and the left hand resulting in the total and permanent loss of use of each of such members.

Defendant has appealed assigning forty-one points of error, most of which attack the legal and factual sufficiency of the evidence to support a recovery of more than the total and permanent loss of use of the ring finger on the left hand. We commend diligent counsel for presenting this massed attack in the form of two relatively short arguments.

The first attack proceeds upon the premise that the only specific injury was the broken bone in the ring finger on the left hand; consequently, it is argued that there was no evidence or insufficient evidence to support the jury findings that the injury extended to and affected any other specific member.*

A subsidiary claim is that the findings are contrary to the great weight and preponderance of the evidence. We will follow the usual rules in addressing the points challenging the legal and factual sufficiency of the evidence. See, e. g., *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Plaintiff testified that while he lost only about three weeks from his job when he was hurt, that he does not have any "grip" in his left hand because it is weak; that he has extreme pain in his hand during cold weather; that while he can drive a truck, he has difficulty doing even that. We note in passing that he obtained a new job with another employer *after* his injury and has been able to discharge his duties as a truck driver for the new employer.

Dr. Ronald Corley, the orthopedic surgeon who operated upon the ligament in the injured ring finger, testified that the weakness in plaintiff's left hand was attributable to the injury to the finger and the weakness in the hand would be permanent; that in his opinion the injury to the ring finger extended to the hand resulting in his inability to engage in strong gripping with his left hand.

The original treating doctor, Frank Eddins, testified that the injury to the ring finger actually involved two tendons which served all four fingers on the left hand;

---

* Appellant makes no challenge of the finding that the injury resulted in the total and permanent loss of use of the ring finger on the left hand.

that the nerve supplies and muscles of the hand are so interrelated that the injury affects the other fingers; that the injury extended to and affected the functions of the other fingers and the hand itself.

Garland Picou, a physical therapist engaged in rehabilitative treatment of injured persons, testified that an injury to the tendon of the ring finger resulted in damage to the whole hand; that the injury caused inability of the plaintiff to perform such work tasks as lifting, pulling, climbing, gripping, or grasping objects.

Although defendant engaged in extensive cross-examination of the witnesses, the essential details were not changed thereby. Defendant did not offer medical testimony refuting that offered by the plaintiff.

The jury was instructed properly on the law relating to the extension of an injury to a specific member of the body to another member. See *American Motorists Ins. Co. v. McMullen*, 598 S.W.2d 386 (Tex. Civ.App.—Beaumont 1980, no writ), wherein we quoted the instruction suggested in *2 Texas Pattern Jury Charges, § 26.26, at 169 (1970)*. Thus, plaintiff secured jury findings supporting his right to recover benefits for the extension under the rationale of *Travelers Ins. Co. v. Marmolejo*, 383 S.W.2d 380, 382 (Tex.1964).

Defendant also calls our attention to *Texas Employers' Insurance Ass'n v. Espinosa*, 367 S.W.2d 667, 669 (Tex.1963), enunciating the now well-established rule that mere proof of pain is insufficient to show an extension of a specific injury.

The third case relied upon by defendant in support of assault upon the factual base of the jury verdict is *Gallegos v. Truck Ins. Exchange*, 546 S.W.2d 667, 669–670 (Tex. Civ.App.—San Antonio 1977, writ ref'd n.r. e.), discussing and following *Espinosa*, supra.

*Espinosa* and other cases were discussed and harmonized in *Western Cas. & Sur. Co. v. Gonzales*, 518 S.W.2d 524, 525–526 (Tex. 1975). Indeed, the rules governing the dispute we now review are firmly established, and the parties do not differ thereon. As

might be expected, the difference is in the evaluation of the weight and legal effect of the testimony offered at the trial.

The courts of Texas have long been plagued with the problem of evaluating incapacity in claims for worker's compensation when the employee has procured and retained other employment. As this court said in *Transport Ins. Co. v. Kennon*, 485 S.W.2d 598, 600 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), citing many cases:

"It is not possible to reconcile all of the decisions of the Court of Civil Appeals passing upon the sufficiency and great weight questions arising as to total and permanent disability findings in compensation cases."

See also, *Tex. Gen. Indem. Co. v. Cox*, 544 S.W.2d 766, 768 (Tex.Civ.App.—Dallas 1976, no writ); and Sartwelle, "Workers' Compensation", *32 Sw.L.J. 291, 368 (1978)*. In *39A Texas Digest, Workmen's Compensation, West Key No. 840 (1964 and Supp. 1980–81)*, literally dozens of cases are cited to the same effect.

But, although defendant produced no medical witnesses to refute the testimony brought forward by plaintiff, the hard and stubborn fact remains that the plaintiff did have some use of his left hand and that he could and did obtain employment as a truck driver for Lufkin Industries. Even before he obtained that employment, he resumed and continued his employment in which he was engaged when injured. In this setting, we now address specifically defendant's points 15, 16, and 17 complaining of the legal and factual sufficiency of the evidence to support the finding that the injury to the ring finger was the producing cause of total and permanent loss of the use of the left hand.

In passing upon these three specific points, we also consider the defendant's second major attack upon the judgment. There it points to the fact that plaintiff obtained and retained other employment requiring the use of his hand. It argues that "he is still able to use his left hand in performing his work and other functions with only minor adjustments ..."

 Defendant relies upon language found in *Travelers Ins. Co. v. Seabolt*, 361 S.W.2d 204, 205 (Tex.1962), wherein the court noted that there were two concepts of this phrase, " 'total loss of the use of a member.' " The first exists, "whenever, by reason of injury, such member no longer possesses any substantial utility as a part of the body." In such cases, the claimant is entitled to the recovery for the specific injury without regard to his "earning capacity or his ability to secure and retain employment." (361 S.W.2d at 205–206)

On the other hand, if the injured workman suffers only an impairment in the use of the hand, "i. e., a partial loss of the use, rather than a total loss of the use of the hand", *or* he can procure and retain employment requiring the use of the hand, its loss is only partial, not total. (361 S.W.2d at 206)

The rationale of *Seabolt* is still viable. See, e. g., *Twin City Fire Ins. Co. v. King*, 510 S.W.2d 370, 380 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); *Hopkins v. Standard Fire Ins. Co.*, 554 S.W.2d 270, 272 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Whaley v. Travelers Ins. Co.*, 559 S.W.2d 451, 453 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.).

 Under our undisputed record, the evidence is legally and factually insufficient to support the finding that the injury to the ring finger produced or resulted in the total and permanent loss of the use of plaintiff's left hand. Having made this determination, it necessarily follows that the judgment of the trial court awarding worker's compensation as and for the total loss of the use of the left hand, namely, 120 weeks compensation at the stipulated rate of $91.00 per week, is now reversed and judgment entered denying plaintiff recovery of said sum.

However, this determination does not effect the other jury findings to the effect that such injury to the ring finger affected the middle and little fingers upon the left hand, thereby entitling plaintiff to a recovery for the specific injuries to these other fingers upon the left hand. All evidentiary attacks upon those findings are found to be without merit and are hereby overruled.

The judgment of the trial court is reversed in part and in part affirmed. Costs in the trial court are assessed against defendant; one-fourth of the costs on appeal are assessed against plaintiff and the remaining three-fourths are assessed against defendant. Each party is directed to prepare and file with the Clerk of this Court, within ten days of the date of this opinion, his version of the judgment which should be entered in this cause; and, such proposed judgment, when submitted, shall be without prejudice to the right of such party to complain of our opinion or the judgment of this Court.

MODIFIED and AFFIRMED.