Garcia, Kilgore & Hickman, Gary L. Kilgore, and Howard A. Hickman, Austin, for petitioner.

Naman, Howell, Smith and Lee, Beverly Willis Bracken, Waco, for respondent.

**Susie NAVARETTE, Petitioner,**

v.

**TEMPLE INDEPENDENT SCHOOL DISTRICT, Respondent.**

No. C–4618.

Supreme Court of Texas.

March 19, 1986.

## OPINION

HILL, Chief Justice.

This is a workers' compensation case. The trial court disregarded the jury's finding concerning the duration of Susie Navarette's total loss of use of her left leg below the knee and rendered judgment notwithstanding the verdict. In an unpublished opinion, the court of appeals affirmed that judgment. We reverse the judgment of the court of appeals and render judgment for Navarette.

Susie Navarette was employed by the Temple Independent School District as a cafeteria worker. On February 1, 1980, Navarette was injured when she tripped over a dough mixer and broke her ankle. She returned to work on August 26, 1980. On November 15, 1981, she underwent a second surgery and had a pin removed from her ankle. She returned to work on January 6, 1982.

At trial, sixteen special issues were submitted to the jury inquiring about the nature and extent of Navarette's injury. In answer to special issue number twelve, the

jury found that Navarette sustained a total loss of the use of her left leg below the knee from February 1, 1980, until January 6, 1982. On Temple's motion for judgment notwithstanding the verdict, the trial court disregarded this finding and awarded compensation for total loss of use of the leg below the knee for 39½ weeks. This thirty-nine week period corresponds to the two recuperation periods in which Navarette did not work: February 1, 1980, to August 26, 1980, and from November 15, 1981, to January 6, 1982. The court of appeals, in affirming the trial court's judgment, held there was no evidence to support the jury's finding that Navarette suffered a total loss of use in the interim period between August 26, 1980, and November 15, 1981.

The question before us is whether there is more than a scintilla of competent evidence to support the jury finding that Navarette suffered a total loss of use of her leg below the knee from February 1, 1980, to January 6, 1982. To sustain the action of a trial court in disregarding a jury's findings, it must be determined that there is no evidence to support those findings. In making this determination, we must view the evidence in the light most favorable to the jury's findings, considering only the evidence and inferences which support them, and rejecting the evidence and inferences contrary to those findings. *Williams v. Bennett*, 610 S.W.2d 144, 145 (Tex.1980).

Unlike *Travelers Insurance Company v. Seabolt*, 361 S.W.2d 204, 206 (Tex.1962), relied upon by Temple, in which the injured worker (1) returned to his regular job within one week after the injury, (2) applied for and received unemployment compensation upon representation that he was able to work but could find no employment, and (3) was steadily employed at the time of trial at his regular work as a pipe fitter at higher wages, the evidence in this case shows that although Navarette was injured on February 1, 1980, she remained under the care of a doctor, an orthopedic surgeon, throughout the period in question and at the time of trial in January, 1984. Further, during this period, Navarette underwent two surgeries—in February, 1980, and in November, 1981. Her doctor testified that he expected to continue to follow up Navarette's injuries permanently on a "semi-routine basis." Indeed, Navarette stated that at the time of the trial in 1984, she was still taking physical therapy treatments.

Navarette returned to work from August 26, 1980, until November 15, 1981, but she asserted that she continued to have physical problems. Navarette further stated she has to sit down frequently, whenever she is on her feet for an extended period of time her whole left leg and back hurt, and she must get help from fellow employees to lift because she cannot do any heavy lifting. Navarette's doctor expressed the opinion that Navarette's problem would be increased by standing and that a small percentage of specific physical impairment may be totally disabling to an individual depending on the individual's educational background.

The evidence further shows that Navarette still walks with a limp and does not believe she could get or keep any other job or work for her present employer as a full-time employee. Since her accident she has been assigned to setting up the snack bar rather than resuming her regular duties before the injury. Navarette further asserted that she continues to work for the school district because she needs her job and feels no one else will hire her. She stated that she has tried very hard to keep her job and believes the school district continues to employ her because they are nice people.

In reviewing a workers' compensation case, this court has always recognized that because the injured employee, coming under the terms of the Workers' Compensation Act, is denied his common law rights, the Act should be liberally construed in the worker's favor. *Hargrove v. Trinity Uni-*

**310**

versal Insurance Co., 152 Tex. 243, 246, 256 S.W.2d 73, 75 (1953). If there be any reasonable doubt which may arise in a particular case as to the right of the injured employee to compensation, it should be resolved in favor of such right. *Bailey v. American General Insurance,* 154 Tex. 430, 435, 279 S.W.2d 315, 318 (1955) (quoting *Jones v. Texas Indemnity Insurance Co.,* 223 S.W.2d 286, 288 (Tex.Civ.App.—El Paso 1949, writ ref'd).

In *Seabolt,* we said that a total loss of use of a member can exist when such member is such that the workman cannot procure and retain employment requiring the use of the member or when such member no longer possesses any substantial utility as a member of the body. 361 S.W.2d at 206. The essence of *Seabolt* has been incorporated in Texas Pattern Jury Charge § 26.04 and that section was utilized here in the court's charge.

The fact that Navarette returned to work during part of this period of disability is not conclusive on her total loss of use. *Texas State Highway Department v. Kinsler,* 230 S.W.2d 364, 367 (Tex.Civ.App.— Beaumont 1950, writ ref'd). A return to work is evidence to be considered with other evidence in making a disability determination. *Trinity Universal Insurance Association v. Scott,* 342 S.W.2d 348, 349–50 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). *Texas Employers Insurance Association v. Evers,* 242 S.W.2d 906, 909 (Tex. Civ.App.—Amarillo 1951, writ ref'd n.r.e.). Proof of duration and extent of disability resulting from an injury must be determined by a jury from all the pertinent facts. *International Insurance Co. v. Torres,* 576 S.W.2d 862, 867 (Tex.Civ.App. —Amarillo 1978, writ ref'd n.r.e.).

We hold there is some evidence to support the jury finding of total loss of use and therefore reverse the judgment of the court of appeals and render judgment for Navarette for total loss of use of the leg below the knee for the period of February 1, 1980, to January 6, 1982.