**Affirmed and Memorandum Opinion filed March 4, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-12-01158-CV**

_____

**VICENTE A. MENCHACA, Appellant**

**V.**

**INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellee**

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-13874**

## M E M O R A N D U M   O P I N I O N

Appellant Vicente A. Menchaca was injured on the job in 1994. Although he received workers' compensation disability benefits for his injury, he was denied lifetime income benefits for the alleged total loss of use of both of his hands at or above the wrists. After exhausting his administrative remedies, he brought the underlying lawsuit against his employer's workers' compensation carrier, the Insurance Company of the State of Pennsylvania (ICSP), seeking judicial review of a final decision from the Texas Department of Insurance Division of Workers'

Compensation that he was not entitled to lifetime income benefits. The trial court granted summary judgment in favor of ICSP. We affirm.

## BACKGROUND

Menchaca was employed as a machinist for Baker Hughes, Inc. when he suffered a work-related injury in 1994. ICSP was the workers' compensation carrier for Baker Hughes. Menchaca sought lifetime income benefits from ICSP based on the alleged total and permanent loss of use of both hands as of September 28, 1994. A benefit review conference was held by the Texas Department of Insurance Division of Workers' Compensation on October 13, 2009, in an effort to mediate resolution of the disputed issue between Menchaca and ICSP. The parties were unable to reach an agreement.

The parties proceeded to a contested case hearing, which was held on August 23 and November 2, 2010. Menchaca appeared and was assisted by two ombudsmen; ICSP appeared and was represented by counsel. Evidence was presented at this hearing. At the close of the hearing, the hearing officer determined that Menchaca was "not entitled to lifetime income benefits based on the total loss of and/or total and permanent loss of use of both hands as of September 28, 1994." His administrative appeal was denied on January 24, 2011, and Menchaca, representing himself, sought judicial review of the denial of lifetime income benefits. *See* Tex. Lab. Code Ann. § 410.251 (authorizing judicial review after exhaustion of administrative remedies).

In the trial court, ICSP filed a traditional motion for final summary judgment. In its motion, ICSP asserted that there was no genuine issue of material fact that Menchaca's hands "at or above the wrists possess substantial utility." ICSP further contended that Menchaca's ability to gain or keep employment was not due to the loss of use of his hands at or above the wrists. In support of these

2

arguments, ICSP provided excerpts from Menchaca's testimony at the contested case hearing and a deposition. In the excerpt from the contested case hearing, Menchaca testified that he had worked for over two years for two different attorneys since he left his employment with Baker Hughes. He stated that he stopped working for the second of these attorneys because his "Army-related injuries started flaring up." He also agreed that he walks with a cane using both his right and left hands. Menchaca admitted that he can write, has his driver's license, and lives alone. He further acknowledged that he was advised by a counselor from the Texas Rehab Commission to find some other type of work, but that the organization was never able to place him in another type of job. In his deposition, taken in February 2012, Menchaca acknowledged that he uses a walker for his back problems and that he suffers from neck problems, as well.

The only response Menchaca filed to ICSP's motion for summary judgment was an objection to the opinion testimony and medical report of ICSP's medical expert, Dr. Martin R. Steiner, who evaluated Menchaca on May 11, 2010.[1] No ruling was made on Menchaca's objections to Steiner's testimony or report. The trial court granted ICSP's summary judgment motion on September 20, 2012, ordering that Menchaca take nothing from ICSP. Menchaca filed a motion for new trial on October 19, which was overruled by the trial court on November 13. This appeal timely followed.

## ANALYSIS

On appeal, Menchaca, pro se, challenges the trial court's summary judgment in favor of ICSP in five issues. He asserts the trial court erred in: (1) "not

---

[1] ICSP also provided an excerpt from testimony at the contested case hearing and a report from Dr. Martin R. Steiner. Steiner performed a medical evaluation on Menchaca in May 2010. Because we decide this case without reference to Steiner's testimony or report, we do not provide the details of Steiner's report or testimony.

considering compensable injury resulted in disability leading to loss of use"; (2) granting summary judgment in favor of ICSP;[2] (3) admitting the report and testimony of ICSP's expert witness; and (4) denying his motion for new trial. Because the issue of whether the trial court properly granted summary judgment in this case is dispositive, we address it first.

We review the trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We review the evidence presented in the motion and the response in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact finders could, and disregarding evidence contrary to the nonmovant unless reasonable fact finders could not. *Mann Frankfort*, 289 S.W.3d at 848. In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *Gray v. Entis Mech. Servs., L.L.C.*, 343 S.W.3d 527, 529 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000)).

---

[2] Menchaca breaks this issue into two separate complaints: that the trial court erred in considering ICSP's contentions that there is no genuine issue of material fact that (a) his hands at or above the wrists possess substantial utility and (b) his ability to gain or keep employment was not due to the loss of use of his hands at or above the wrists. Because these were the grounds for ICSP's summary judgment motion, we combine these issues and address them together.

A party seeking judicial review of a final decision of an appeals panel of the Division of Workers' Compensation has the burden of proof by a preponderance of the evidence. *See* Tex. Lab. Code Ann. § 410.303. Thus, Menchaca, as the party seeking to overturn the decision of the appeals panel, bore the burden of proving in the trial court that he was entitled to lifetime income benefits. However, ICSP as the summary judgment movant had to establish that there was no genuine issue of material fact regarding Menchaca's entitlement to lifetime income benefits and that it was entitled to judgment as a matter of law on this issue.

As is applicable here, lifetime income benefits are paid until the death of an employee for the total loss of the use of both hands at or above the wrist. *Id.* § 410.161(a), (b). A total loss of the use of a body part exists when, by reason of injury, that body part no longer possesses any substantial utility, or the condition of the injured body part is such that the person cannot procure and retain employment requiring the use of the body part. *See Ins. Co. of the State of Pa. v. Muro*, 347 S.W.3d 268, 272 (Tex. 2011) (citing *Travelers Ins. Co. v. Seabolt*, 361 S.W.2d 204, 206 (Tex. 1961)).

Here, we conclude that in its summary judgment motion, ICSP established that Menchaca possessed "substantial utility" of his hands at or above the wrists and that his inability to gain and keep employment did not result from the condition of his hands. First, as noted above, ICSP provided excerpts of Menchaca's testimony from the contested case hearing and a deposition. Menchaca stated in both of these excerpts that he has the use of both hands: Menchaca testified that he writes, lives by himself, and drives a car. He also testified that he uses his hands to support himself and walk with a cane due to unrelated back problems. He stated that he is able to grip and sustain a "significant portion" of his body weight on his hands. ICSP established through Menchaca's

own testimony that he possesses "substantial utility" of his hands at or above the wrist: he uses his hands for writing, driving, and supporting a significant portion of his weight.

Next, ICSP provided evidence regarding Menchaca's ability to gain and keep employment. During the contested case hearing, Menchaca testified about employment at two law offices during the time he alleged he could not gain or keep employment because of the loss of use of his hands at or above the wrists. He was employed at one law office for a period of at least six months and another law office for about two years. He testified that his employment was terminated because of a pre-existing "Army-related . . . back injury . . . that affected [his] legs." He further testified during his deposition that he was unable to work due to his back condition, stating that he "couldn't tolerate [sic] with this back problem." He also stated that his neck problems prevented him from gaining and keeping employment:

> Q. What about your neck problems, sir? Do you think in your own mind that the symptoms resulting from your neck would prevent you from holding down a job, all other things being equal?
>
> A. Yeah.
>
> Q. In other words, if you didn't have a back problem and your hands from your hand injury, do you think just the neck symptoms alone would probably prevent you from holding down a job?
>
> A. I would -- I would say yes. I mean, I -- I was going to school and doing pretty good when I started having a relapse on my neck and -- and that ended it.

Thus, ICSP established that Menchaca's inability to gain and keep employment did not result from any condition related to his hands.

On appeal, Menchaca cites to numerous documents in the clerk's record in support of his issues. But Menchaca failed to file a response to ICSP's summary judgment motion in the trial court.[3] A pro se plaintiff is not excused from compliance with procedural rules, even in summary judgment proceedings. *See Gonzales v. Servs. Lloyds Ins. Co.*, No. 14-08-00377-CV, 2009 WL 1493039, at *1 (Tex. App.—Houston [14th Dist.] May 21, 2009, no pet.) (mem. op.) (citing *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). The nonmovant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *See* Tex. R. Civ. P. 166a(c); *see also Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)). The effect of a failure to file a summary judgment response is to limit the nonmovant to arguing the legal sufficiency of the grounds presented by the movant on appeal. *Id.*

The grounds presented by ICSP are legally sufficient to support summary judgment: ICSP established that Menchaca has not lost the use of both hands at or above the wrist. *See* Tex. Lab. Code § 410.161(a), (b). Moreover, ICSP's summary judgment evidence established that Menchaca possessed substantial utility of his hands above the wrists and that his inability to gain and keep employment did not result from the condition of his hands. *See Seabolt*, 361 S.W.2d at 206. Because ICSP's motion and summary judgment evidence facially established its right to judgment as a matter of law, the burden shifted to Menchaca to raise a genuine, material fact issue sufficient to defeat summary judgment.

---

[3] As noted above, Menchaca filed an objection to the report and testimony of ICSP's expert. We have not considered this evidence in determining whether ICSP established its entitlement to summary judgment.

*Gray*, 343 S.W.3d at 529; *Willrich*, 28 S.W.3d at 23. Menchaca failed to meet this burden by filing a response raising a genuine issue of material fact. *See, e.g.*, *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979) ("[T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal."). Accordingly, the trial court did not err in granting summary judgment to ICSP. For these same reasons, the trial court also did not err in denying Menchaca's motion for new trial.

For the foregoing reasons, we overrule all five of Menchaca's appellate issues.

### CONCLUSION

We affirm the trial court's judgment.


/s/    Sharon McCally
         Justice

Panel consists of Justices McCally, Busby, and Donovan.