TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Uhlon Glenn WATERS, Appellee.

No. 7117.

Court of Civil Appeals of Texas.

Amarillo.

March 19, 1962.

Rehearing Denied April 23, 1962.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Gordon, Gordon & Buzzard, Pampa, for appellee.

NORTHCUTT, Justice.

This is a workman's compensation suit in which appellee, Uhlon Glenn Waters, was plaintiff and appellant, Texas Employers' Insurance Association, was defendant. On findings of the jury that on the 20th day of June, 1960, plaintiff was injured and suffered total and permanent incapacity, the trial court entered judgment accordingly. From that judgment appellant perfected this appeal. Hereafter plaintiff will be referred to as appellee and the defendant as appellant.

Appellant's first three assignments of error deal with the question of no evidence, insufficient evidence, and against the overwhelming weight and preponderance of the evidence to sustain the conclusion that appellee was permanently unable to procure and retain work as a salesman.

The appellee was working as a millwright and it is undisputed that he was injured on June 20, 1960, while setting a fin fan. Appellee testified as follows: While doing this work he fell through the floor of the story where they were working and fell about 12 or 15 feet to the story below. In th fall, appellee hit his back on a ladder and glanced off and went on down to the floor of the next story and hit on his back on the steel grate on the floor. After falling he was unable to get up and was practically carried down the stairs. He was taken to Dr. W. C. Barksdale's office, the company doctor, where an X-ray was made of his back. Dr. Barksdale told appellee that he had a perfect back and he should go back to work. After going back to Dr. Barksdale a time or two and the doctor thought it was a big joke, he went to see Dr. Margo, a specialist at the McBride Clinic in Oklahoma City. Dr. Margo took several X-rays, which he interpreted, and examined appellee and testified appellee had a forward displacement of the fifth lumbar vertebra over the sacrum and also had a bifid lumina of the first sacral segment with a marked increased angulation or lordotic curve. Dr. Margo also testified that appellee would get better with rest but would get worse with activity and based upon the objective symptom revealed by his examination appellee was disabled from performing manual labor. There was other testimony as to the suffering of the appellee and also as to his experience as a salesman.

Although there was other testimony, we think the above is sufficient to sustain the verdict of the jury as stated in Travelers Insurance Company v. Jordan, Tex.Civ. App., 339 S.W.2d 235, 240, N.R.E.:

"The foregoing evidence is deemed sufficient to sustain the jury findings in question; giving full effect, as we must, to the established rule that 'If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be con-

cluded that there is evidence to support the verdict.' Traders & General Insurance Company v. Durrette, Tex.Civ. App.1953, 258 S.W.2d 346, 347."

■ Since there is sufficient evidence in the record to support the judgment of the trial court for compensation by reason of total and permanent incapacity, the judgment will not be reversed merely because there is evidence in the record that appellee did some sales work and earned some money. That is an evidentiary matter. Trinity Universal Insurance Company v. Scott, Tex.Civ.App., 342 S.W.2d 348, N.R.E. and many cases there cited.

■ Total incapacity within the Workmen's Compensation Law implies disability to perform usual tasks of a workman and not merely the usual tasks of any particular one trade or occupation. Texas Indemnity Ins. Co. v. Bonner, Tex.Civ.App., 228 S.W. 2d 348; Travelers Insurance Company v. Truitt, 5 Cir., 280 F.2d 784. Appellant's first three points of error are overruled.

■ By appellant's fourth assignment of error it is contended the court in defining the term "total incapacity" restricted the jury to a consideration of the same type of employment at which appellee was working at the time of the injury. The charge of the court was as follows:

"The term TOTAL INCAPACITY does not imply ones absolute inability to perform any kind of labor, but means the one must be so incapacitated that he becomes disqualified for performing the usual tasks of a workman to such an extent that he cannot procure and retain employment. You are further instructed that the term TOTAL INCAPACITY does not imply that one has such incapacity merely in the event that, after the injury, he is unable to do the same or as much and hard work as he did before the injury, but if one has sufficient capacity for physical work in any

employment suited to his experience and condition so that he is fit to find and retain work therein with reasonable regularity and duration, then such person is not regarded as totally incapacitated."

The first sentence of this definition has been approved by our courts for a long period of time. Travelers Insurance Company v. Truitt, 5 Cir., 280 F.2d 784; Texas Employers' Insurance Association v. Mallard, 143 Tex. 77, 182 S.W.2d 1000.

However, we think the second sentence of the court's charge here is contrary to appellant's contention and does not mean it must apply to the same type of employment. We overrule appellant's fourth point of error.

■ Assignments of error five and six insist the court erred in admitting into evidence, over appellant's objection, X-rays offered by Drs. Margo and Falkenstein since it did not appear that the doctors were personally present when the X-rays were taken. Each of the doctors testified the X-rays were either made by them or under their supervision and control and that each exhibit correctly portrayed that portion of the anatomy of the appellee they purported to portray. We think this is sufficient to admit the X-rays. Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753. Affirmed 132 Tex. 172, 123 S.W.2d 314. Appellant's fifth and sixth points of error are overruled.

Assignment of error seven urges error by the trial court in admitting the testimony of Dr. Margo, a doctor who had merely examined appellee for the purpose of preparing himself to testify, which testimony did not exclude the subjective complaints and history given him by the appellee.

■ We are familiar with the rule where statements of subjective symptoms or past suffering, made to a physician employed to make examination for the purpose of quali-

fying such physician to testify, and not for the purpose of treatment, is inadmissible. But, we do not think that rule is applicable here because of the main and controlling portion of Dr. Margo's testimony was based upon his examination, X-rays taken under his supervision and control, hypothetical question and objective symptoms. Dr. Margo testified what his findings were demonstrated objectively.

He was asked this question: "Basing your opinion on the objective symptoms revealed at the examination of Mr. Waters, please state whether or not Mr. Waters was disabled from performing ordinary manual labor." His answer was: "He was." He further testified from objective symptoms that appellee would get better with rest but would get worse with activity.

We think any doctor would ask a patient how he was hurt, if that hurts, etc. The following hypothetical question was propounded to Dr. Margo:

"Q. Assuming that Uhlon Glenn Waters was, on June 20, 1960, in good health and physical condition and that on this date he fell from a super structure approximately twelve feet to the next floor, landing on his back, and that he had had no trouble with his back prior to that date, but that he has had continued pain in his low back ever since the fall, do you have an opinion as to whether or not the fall of June 20, 1960, was the producing cause of the disability that you have found?"

His answer was:

"A. Assuming the history as given is correct that he had had no previous back trouble or injury, and that following such injury on June 20th, 1960, he has had pain and disability, I feel that the above accident was the producing cause of such disability."

The hypothetical question was based upon evidence in the record. Appellant's seventh point of error is overruled. Judgment of the trial court is affirmed.