**TEXAS EMPLOYERS INS. ASS'N.,**
Petitioner,

v.

**L. D. HAWKINS,** Respondent.

No. A–9459.

Supreme Court of Texas.

June 19, 1963.

Rehearing Denied July 24, 1963.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for petitioner.

John Herrick and George Busch, Massie Tillman, Fort Worth, Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for respondent.

GRIFFIN, Justice.

This is a workmen's compensation suit brought in the district court of Hutchinson County, Texas by respondent L. D. Hawkins, as plaintiff, against Texas Employers Insurance Association, as defendant.

The cause was tried to a jury and on the answers of the jury to the court's charge, judgment was rendered for the defendant.

On appeal, the Court of Civil Appeals reversed and remanded the cause for a new trial on two grounds (1) that the trial court's definition of the term "total incapacity" was incorrect and (2) that "the verdict of the jury taken as a whole, which had the effect of awarding only $35.00 compensation for the injury was so against the preponderance of the evidence as to be manifestly unjust." 363 S.W.2d 788.

Defendant, as petitioner in this court, complains of both these holdings.

The trial court submitted the case to the jury on special issues. In the trial court's charge "total incapacity" was defined as follows:

"The term TOTAL INCAPACITY does not imply one's absolute inability to perform any kind of labor, but means that one must be so incapacitated that he becomes disqualified for performing the usual tasks of a workman to such an extent that he cannot procure and retain employment. You are further instructed that the term TOTAL INCAPACITY does not imply that one has such incapacity merely in the event that, after an injury, he is unable to do the same or as much and hard work as he did before the injury, but if one has sufficient capacity for physical work in any employment suited to his experience and condition so that he is fit to find and retain work therein with reasonable regularity and duration, then such person is not regarded as totally incapacitated."

All parties agree that the first sentence of this definition is the definition of "total incapacity" which has the approval of this court and of many courts of civil appeals. Texas Employers Ins. Ass'n. v. Brock (1931, Comm. of App.), 36 S.W.2d 704 (2, 3), (6); Texas Employers Ins. Ass'n. v. Mallard (1944), 143 Tex. 77, 182 S.W.2d 1000; and the authorities therein cited.

Respondent, in the Court of Civil Appeals, complained of the last sentence of this definition, and particularly that part, " * * * but if one has sufficient capacity *for physical work in any employment suited to his experience and condition * * *.*"

We agree that this last sentence should not be included in the definition of "total incapacity" for the reason that, as

in the Mallard case, it restricts the injured workman to his own experience and condition, rather than apply the test that in order to be totally disabled such incapacity must only disqualify the injured workman from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment.

From the evidence in the record, when taken in connection with the court's definition of "total incapacity," it is not surprising that the jury found plaintiff totally disabled for only the one week he stayed in the Borger hospital and permanently partially disabled thereafter.

We therefore hold that the giving of the second sentence of this definition was harmful error, and the Court of Civil Appeals correctly remanded the case for a retrial. This Court in many cases has approved the first sentence of such definition as a correct definition of "total incapacity."

We now come to the second ground of reversal relied on by the Court of Civil Appeals. That is that the verdict of the jury taken as a whole is against the great weight and preponderance of the evidence.

The only findings of the jury attacked by plaintiff in his motion for new trial, and by assignment in the Court of Civil Appeals, were Nos. 4 and 10. These were attacked as being so against the preponderance of the evidence as to be manifestly unjust. The Court of Civil Appeals did not discuss or rule on either of these assignments, but reversed and remanded the case on the third assignment to the effect that the verdict taken as a whole was so against the preponderance of the evidence as to be manifestly unfair. This third assignment is only a general assignment, and makes no attack on any answer to any specific issue.

This Court recently held in Parrish v. Hunt (1960), 160 Tex. 378, 331 S.W.2d 304, that a Court of Civil Appeals must decide that a specific issue or issues are against the great weight and preponderance of the evidence (sometimes called insufficiency) so as to be manifestly unjust before it can reverse and remand a cause. We further held that a Court of Civil Appeals could not reverse on a general holding that either one or the other was so contrary.

We said that a Court of Civil Appeals was not only required to consider and weigh all of the evidence in the case, "and to set aside the verdict and remand the cause for a new trial if it concluded that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust, *but was also required in the proper exercise of its jurisdiction to determine which one of the jury answers* was so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust." (Emphasis added).

We, therefore, hold that the Court of Civil Appeals was in error in reversing and remanding this case for another trial only on a general assignment of error.

In view of our holding that the definition given by the trial court of "total incapacity" was reversible error, the petitioner's other points of error become immaterial.

Having held that the Court's definition of "total incapacity" was harmful error, it follows that we must affirm the judgment of the Court of Civil Appeals reversing this cause and remanding it to the trial court for a new trial.

This is true although we have held it was error for the Court of Civil Appeals to reverse on the general assignment that the verdict of the jury taken as a whole is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The judgment of the Court of Civil Appeals is affirmed.