Thelma Dell **HARTMAN** et vir, Appellants,

v.

**MARYLAND CASUALTY COMPANY,** Appellee.

No. 4628.

Court of Civil Appeals of Texas.

Waco.

June 29, 1967.

Rehearing Denied July 20, 1967.

Ralph Balasco, Houston, for appellants.

Butler, Binion, Rice, Cook & Knapp, James E. Crowther, Houston, for appellee.

## OPINION

WILSON, Justice.

Claimants' four points in this workmen's compensation jury case concern admission and exclusion of evidence. She appeals from judgment on the verdict limiting her recovery to seven weeks of total incapacity.

Three of these points do not present error, in our opinion, for reasons we note briefly.

■ Complaint is made of admission of evidence "regarding an unrelated prior claim." The real complaint, as the point is briefed, is that evidence of the amount paid in settlement of the previous claim was admitted. St. Paul Fire & Marine Insurance Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 is relied on. Although claimant testified she "did not get hurt," but "got shook up" in a prior accident which she "got over in two or three days," she voluntarily injected the matter by testifying that the insurance adjuster offered her attorney $1,000, which she accepted "for me falling. But I did not hurt my-self." Error is not shown thereby, in our opinion. See cases cited, Bishop v. Carter, Tex.Civ.App., 408 S.W.2d 520, syl. 1, writ ref. n.r.e.

■ Refusal to permit the reading of the carrier's answers to interrogatories (propounded under Rule 168, Texas Rules of Civil Procedure) to the jury is the subject of another point. The answers were to the effect that although claimant had "claimed to have been injured as described in her claim for compensation", appellee had no other knowledge of location or time of the accident; of nature and extent of pain, or injuries sustained on the alleged date; of names of witnesses, or of whether claimant was injured in the course of her employment. The court offered to permit claimant to "pick out the ones you think you need to establish as an element in the case to read to the jury." The court's comment before the jury, in ruling on the objection, that the answers were not of any probative value is also complained of. Appellants' theory is, apparently, that the purpose of offering the answers was "to lay the predicate for impeachment" because "the insurance doctor had written a report stating plaintiff was injured", and the carrier afterward denied it knew she was injured. The answers to the interrogatories as framed would not constitute "impeachment" evidence. If the answers could be said to constitute prior inconsistent statements, since they would not constitute substantive evidence, the court's remark before the jury was not error. II McCormick & Ray, Texas Law of Evidence, Sec. 688, p. 532.

■ Reversal is asked because the court sustained an objection to a question asked on cross-examination of the carrier's medical witness. He was asked whether his opinion as to incapacity would be different if he knew other facts which claimants' counsel stated were in evidence. The bill of exception shows his answer, if admitted, would have been: "No, it wouldn't." Apart from the question of whether the testimony recited by counsel was actually in the record, the adverse negative answer of the witness elicited on the bill of exception demonstrates there was no harm in its exclusion. 4 Tex.Jur.2d, Appeal and Error, Sec. 434.

■ Another point complains of admission of X-rays in evidence. Their admission was clearly error. The real question is whether the error is harmless or reversible.

The X-rays were admitted as exhibits attached to the deposition of the records custodian of a hospital, who testified she had in her possession X-rays pertaining to treatment or services rendered to claimant. There was no proof of compliance with requisites of Art. 3737e, Vernon's Ann. Civ.Stat. There was no evidence as to who made the X-rays, how they were made, or whether they correctly portrayed what they purported to represent. Claimants' objections on these grounds, and for the reasons that no proper predicate had been laid, and that they had not been identified or otherwise authenticated, were overruled. The court apparently was led to believe these X-rays would be proved up by later testimony, but such testimony was not produced.

A critical element of the carrier's defense was that claimant had suffered a prior injury which caused much of her incapacity now claimed. Claimants' motion in limine to prohibit evidence of "unrelated, prior claims" was at first conditionally sustained, but when evidence of a prior injury and claim was offered subsequently, it was admitted. The latter evidence had to do with an accident three years previously when claimant fell in a department store. The jury returned a negative answer to an issue as to whether claimant's incapacity was solely caused by a pre-existing condition, "disconnected with and not aggravated" by the injury now alleged (which was found to be the producing cause of seven weeks' total incapacity). There was evidence which would have supported findings of much greater extent and duration of incapacity than the jury found.

The insurer had introduced other authenticated and identified X-rays made in 1965 which, it was testified by the doctor under whose supervision they were taken, showed narrowing of intervertebral interspaces, lipping and spondylolisthesis. Claimant made no objection to these X-rays. The effect of this doctor's testimony was that claimant sustained a back strain from which she recovered in about 2½ months.

The X-rays now complained of were introduced on the following day of the trial. They bore a date mark of 1962, which was about three years before the accident alleged in the present suit. The same medical witness who had testified concerning the X-rays introduced the previous day was then examined by the insurer concerning the 1962 films. He testified they exhibited narrowed interspaces, lipping and spondylolisthesis, "the same thing we discussed yesterday" as shown in the 1965 X-rays.

The obvious purpose of this testimony, based on the X-rays improperly in evidence, was to demonstrate that claimant's vertebral condition as shown in the X-rays made following her presently claimed injury was the same as her condition shown in the 1962 X-rays. It was reasonably calculated to induce the jury to so believe, and in our opinion probably resulted in an improper judgment.

The judgment is reversed, and the cause remanded.