**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Olin J. WILLIAMS, Appellee.**

**No. A14–82–711CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 17, 1983.

Daniel Lichty, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Stanley F. Swenson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is a workers' compensation case. Appellee Olin J. Williams sued Texas Employers' Insurance Association under the Texas Workers' Compensation Act to recover total and permanent disability benefits

and past and future medical expenses for an occupational disease, asbestosis, arising out of his employment with Standco Industries, Inc. Texas Employers' Insurance Association denied appellee's claim and maintained that any incapacity was solely caused or contributed to by physical conditions unrelated to his employment and, in the alternative, that any incapacity claimed as the result of the alleged asbestosis was only a small degree of temporary, partial incapacity, as those terms are defined under the Texas Workers' Compensation Act.

At trial, by answers to eleven (11) special issues, the jury found that as of July 11, 1980, appellee was totally and permanently incapacitated by the asbestosis that arose out of his employment with Standco Industries, Inc. The jury further found that the asbestosis was not aggravated by or contributed to by any of the seven other physical conditions from which he suffered. Prior to the trial court's judgment rendered in favor of appellee, appellant filed a Motion for Judgment notwithstanding the Verdict asking the court to disregard the jury's findings on the ground that there was no competent evidence to support the jury's response to the special issues. After judgment in favor of appellee, Olin J. Williams, appellant filed a Motion for New Trial claiming that the evidence was legally and factually insufficient to support the verdict, and that certain negative findings were against the great weight and preponderance of the evidence.

Appellant Texas Employers' Insurance Association brings four points of error on appeal. Appellant's first point of error asserts that there was no evidence or, in the alternative, insufficient evidence to support the jury's answers to Special Issues Nos. 1, 2 and 3 because medical testimony offered by appellee to support such findings was based on x-rays not properly admitted into evidence. The second point of error claims that there was no evidence or, in the alternative, insufficient evidence to support the jury's answers to Special Issues Nos. 1, 2 and 3 because all testimony offered by appellee to support these findings was based on appellee's hearsay understanding of the

nature of the substance with which he worked (asbestos). Appellant's third point of error claims that there was no evidence or, in the alternative, insufficient evidence to support the jury's answer to Special Issue No. 3 that appellee was totally incapacitated by asbestosis. Finally, point of error four asserts that the jury's answers to the items contained in Special Issue No. 8 (whether appellee's other ailments contributed to his incapacity) were against the great weight and preponderance of the evidence. We overrule these points of error and affirm the judgment of the trial court.

Special Issues No. 1, 2 and 3 read as follows:

1. Do you find that Olin J. Williams has or had asbestosis?

2. Do you find such asbestosis arose out of and in the course of his employment by Standco Industries, Inc?

3. Do you find that asbestosis was a producing cause of any total incapacity?

The jury answered all of these questions "we do."

First, in point of error one appellant claims that x-rays upon which Dr. Jenkins, appellee's expert witness, relied were not properly in evidence. At trial, appellee's attorney asked Dr. Jenkins whether the x-rays were of Mr. Williams' lungs, whether those x-rays were taken at Dr. Jenkins request and instruction and under his supervision and whether the x-rays showed the portions of the body that they purport to show at the time they were taken. Over repeated objection, the trial court admitted into evidence the x-rays and the opinion testimony of Dr. Jenkins founded upon his interpretation of the x-rays. Appellant claims that no proper predicate was laid for the admissions of the x-rays or the opinion testimony.

■ Appellant bases this claim on Tex. Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982), which allows x-rays to be admitted into evidence upon proof that they were made as a regular part of the business of a hospital or medical organization, made in

accordance with good radiology techniques by a person competent to make x-rays under supervision of the Department of Radiology, and show the name of the patient and the date taken. Although, the attorney in our case did not prove the facts under 3737e, he did prove sufficient facts to make the x-rays admissible. *Texas Employers' Insurance Ass'n v. Waters,* 356 S.W.2d 209 (Tex.Civ.App.—Amarillo 1962, writ ref'd n.r.e.). In *Waters,* the court said: "Each of the doctors testified the x-rays were either made by them or under their supervision and control and that each exhibit correctly portrayed that portion of the anatomy of the appellee they [sic] purported to portray. We think this is sufficient to admit the x-rays." Appellant cites *Hartman v. Maryland Casualty Co.,* 417 S.W.2d 640 (Tex.Civ.App.—Waco 1967, no writ) and *Avila v. United States Fidelity and Guaranty Co.,* 551 S.W.2d 453 (Tex.Civ.App.—San Antonio 1977 writ ref'd n.r.e.) to show that the trial court improperly admitted the x-rays in our case. In *Hartman* and *Avila,* however, there was no evidence about who requested the x-rays, under whose supervision or instruction they were made, or in *Avila* even that they portrayed that portion of the body that was injured. In our case, like in *Waters,* the evidence was sufficient to admit the x-rays.

■ Furthermore, even if the x-rays were not properly in evidence, Dr. Jenkins' testimony independent of the x-rays was sufficient to support the jury's answers to Special Issues No. 1, 2 and 3. Dr. Jenkins' diagnosis of appellee revealed the following symptoms: shortness of breath, dry cough, chest pains, coughing up tablespoons of bloodless sputum which *contained asbestosis fibers,* limited chest expansion, stethoscopic findings of crescentic, popping sounds in the lower lung fields on inspiration, and blueness, cyanosis and clubbing of the fingernails. He stated that the clubbing of fingernails is a very prominent finding in persons who have asbestosis. He said that the chest pains, pleural thickening and shortness of breath were related to asbestosis. None of these statements relied on the x-rays.

Dr. Jenkins also performed other tests which did not involve x-rays, namely pulmonary function tests and sputum analysis. These results and the doctor's testimony unrelated to the x-rays are sufficient to support the jury's findings even if the x-rays had been improperly admitted. We overrule point of error one.

■ Appellant's second point of error is based on the assertion that appellee's knowledge that the substance with which he worked was asbestos was based on hearsay rather on his personal knowledge. The record shows that appellee worked from 1962 to 1980 emptying bags labeled asbestosis from Canada, shoveling, raking and mixing the contents. He described the rooms as sometimes so filled with the material that "you couldn't see people ten feet away." Appellant claims that the bag labels are hearsay, from which appellee assumed he worked with asbestos and that this evidence does not support the jury's findings to Special Issues No. 1, 2 and 3. First, objective, subjective and x-ray testimony established that appellee had asbestosis. The sputum analysis even showed asbestosis fibers. This evidence supports the finding that the material with which he worked was indeed asbestos. Second, the label on the sack is admissible evidence of its content. *See Dixon v. State,* 159 Tex. Cr.R. 258, 262 S.W.2d 488 (1953). In *Better Beverage, Inc. v. Meschwitz,* 643 S.W.2d 502 (Tex.App.—Houston [14th Dist.] 1982, no writ), we held that a name on a label was sufficient, absent evidence to the contrary, to show the product's manufacturer. A label is also sufficient, absent evidence to the contrary, to show the contents of the container. In our case, appellant did not show that the sacks marked "asbestos" did not in fact contain asbestos. Finally, a doctor's testimony which partially relies on information from the patient (here, that the patient worked with asbestos) is admissible if it is not based wholly on hearsay. *Slaughter v. Abilene State School,* 561 S.W.2d 789 (Tex. 1977). Dr. Jenkins diagnosis of asbestosis was based on factors other than the labels

of the bags containing the material with which appellee worked. We overrule point of error two.

Appellant's point of error three complains that there was no evidence or insufficient evidence to support the jury's finding the appellant was totally incapacitated by asbestosis. Appellant bases this assertion on Dr. Jenkins testimony that although appellee could no longer perform his job as a mechanic at Standco, he could probably do lighter work.

 To uphold a recovery for total and permanent incapacity, the evidence must show not just that the workman is disabled, but that he cannot procure and retain employment at labor of the class he was performing when injured. The term does not imply absolute inability to perform any kind of labor. *Texas Employers' Insurance Ass'n v. Mallard,* 143 Tex. 77, 182 S.W.2d 1000 (1944); *Gulf Insurance Co. v. Gibbs,* 534 S.W.2d 720 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). An injured workman may be able to earn money at a job not requiring manual labor and still be totally disabled under the Workers' Compensation Act. *Standard Fire Insurance Co. v. Simon,* 474 S.W.2d 530 (Tex.Civ.App. —Dallas 1971, no writ).

While the testimony in our case indicates that appellee might be able to perform some kinds of manual work, there was also testimony that he was unable to perform physical labor of the type he had been doing prior to contracting asbestosis. There is no fixed rule of evidence by which the claimant in a workers' compensation case is required to prove permanent disability. Proof of duration of a disability is, like the assessment of damages in a personal injury action, at best an estimate which the jury must determine from all the pertinent facts. *Lumberman's Mutual Casualty Co. v. Villalpando,* 605 S.W.2d 705 (Tex.Civ.App.—Corpus Christi 1980, no writ). We hold the evidence to be legally sufficient to support the jury's findings of total and permanent incapacity and that such findings are not against the great weight and preponderance of the evidence. We overrule point of error three.

Appellant's point of error four complains that the jury's answers to Special Issue No. 8, that his other ailments did not aggravate his asbestosis, were against the great weight and preponderance of the evidence. The record shows that appellee had seven other physical ailments: hypertension, obesity, kidney problems, neurological problems, right knee problems, chronic bronchitis, and gastritis. The jury answered that none of these conditions aggravated the asbestosis. The jury was entitled to examine and accept or reject all or any part of the testimony including whether any pre-existing condition aggravated appellee's condition. *Gulf Insurance Co. v. Gibbs,* 534 S.W.2d 720 (Tex.Civ.App.—Houston 1976, writ ref'd n.r.e.).

Prior to contracting asbestosis appellee was able to work as a mechanic for Standco despite his other physical ailments. His asbestosis, according to the testimony of Dr. Jenkins, prevents him from doing the work of a usual workman. The jury's finding that appellee's asbestosis was not aggravated by his other conditions is not against the great weight and preponderance of the evidence. We overrule point of error four.

Accordingly, we affirm the judgment of the trial court.