Robert G. GONZALEZ, Appellant,

v.

TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Appellee.

No. 13–88–101–CV.

Court of Appeals of Texas,
Corpus Christi.

March 9, 1989.

On Rehearing May 18, 1989.

Second Motion for Rehearing Denied
June 29, 1989.

**146**

Richard L. Eddington, Corpus Christi, for appellant.

Darrell Barger, Carlos Villarreal, Corpus Christi, for appellee.

Before DORSEY, KENNEDY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Appellant, Robert Gonzalez, brought suit against appellee, Texas Employers Insurance Association, for workers' compensation benefits following a back and shoulder injury which he sustained while in the course of employment with Southwestern Bell Telephone Company. The jury found that appellee furnished, within a reasonable time, all medical care reasonably required as a result of the injury. Accordingly, the trial court ordered that appellant take nothing by his suit. Appellant now complains of the trial court's judgment by four points of error. We affirm in part and reverse and render in part.

On March 31, 1986, appellant was repairing telephone lines for Southwestern Bell when his truck ran out of gas. After obtaining the help of several passersby, he succeeded in pushing the truck off the road and into a parking lot. According to his testimony, while in the process of moving his vehicle, he "strained" very hard and hurt his back and shoulder.

Appellant subsequently saw Doctor Fuentes, who prescribed pain pills. When the medication failed to offer relief, appellant went to Dr. Douglas Roth, a chiropractor. Dr. Roth treated appellant and then referred him to Dr. Rufino Gonzalez, an orthopedic surgeon. Dr. Gonzalez' examination revealed that appellant was suffering from arthritis in the shoulder area, a strained shoulder joint, and spondylolisthesis of the lower back. Dr. Gonzalez treated appellant and referred him back to Dr. Roth for continued chiropractic therapy.

After Southwestern Bell's physician asked him to do so and assured Dr. Roth that light duty was available, Dr. Roth released appellant to light-duty on June 23, 1986. Dr. Roth testified that as of June 23, appellant could not do the usual tasks of a workman. Appellant returned to work at Southwestern Bell on June 23 and was immediately terminated.

Dr. Roth then referred appellant to another orthopedic surgeon, Dr. Robert Lewis. Lewis examined appellant and determined that exploratory surgery was necessary. The surgery, which took place on October 22, 1987, revealed signs of an inflamed rotator cuff, as well as arthritis and bursitis of the shoulder. Lewis testified that following the surgery, appellant would suffer a moderate decrease in upper body strength which could create difficulties in obtaining employment.

Appellant asserts by his first point of error that the jury's response to Special Issue No. 3 is against the great weight and preponderance of the evidence. Special Issue No. 3 and its answer read as follows:

3. Do you find from a preponderance of the evidence that the injury was a producing cause of any total incapacity? Answer "Yes."

A. Find the beginning date of total incapacity. Answer "April 1, 1986."

B. Find the duration of total incapacity. Answer "June 23, 1986."

Appellant specifically argues that the jury's limitation of "total incapacity" to the period ending June 23, 1986, was improper in that such period should extend through the date of surgery, October 22, 1987.

In reviewing a point of error based upon evidentiary sufficiency, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). In that case, the Supreme Court held that an appellate court must "clearly state why the jury's finding is so factually insufficient or is so against the great weight of the evidence as to be manifestly unjust; why it shocks the conscience." *Id.*

"Total incapacity" was defined in the court's charge as follows:

"TOTAL INCAPACITY" does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual tasks of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment.

The foregoing definition was approved by the Supreme Court in *Texas Employers Insurance Association v. Mallard*, 143 Tex. 77, 182 S.W.2d 1000, 1002 (1944) and *Texas Employers Insurance Association v. Hawkins*, 369 S.W.2d 305, 307 (Tex. 1963). At issue is whether the great weight of the evidence reflects that appellant was, as he contends, "totally incapacitated" after June 23, 1986.

Appellant directs our attention to the following facts in support of his position. First, appellant's arm was in a sling at the time of trial. Second, Dr. Roth testified that appellant was going to require continued physical therapy and would not be able to perform the "usual tasks of a worker." Third, Dr. Lewis stated that appellant would probably have difficulty finding a job as a "heavy manual laborer."

We note, however, that the record also reflects that Dr. Roth, who originally released appellant to light duty and continued to treat appellant through the time of trial, never rescinded the light-duty release. Dr. Gonzalez also testified that in his opinion appellant *could* perform the tasks of a "workingman" as long as the job did not require bending or lifting. In addition, appellant took the stand and admitted that he was "ready, willing and able" to perform full-time light duty for Southwestern Bell

in the form of centralized automated machine accounting, a computer-related job for which he had prior education and experience. Appellant's supervisor, Alfonso Champion, further testified that such computer work was available on June 23, 1986.

■ We recognize that it is possible for a claimant to be "totally incapacitated" under the Workers' Compensation Act even though he is able to perform non-manual labor, if the work causes him serious discomfort or unreasonable risk. *See Texas Employers Insurance Association v. Williams*, 662 S.W.2d 728, 732 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Standard Fire Insurance Co. v. Simon*, 474 S.W.2d 530, 534 (Tex.Civ.App.—Dallas 1971, no writ). Appellant, however, presented no evidence to suggest that the performance of light-duty computer operations would in any way cause him to experience pain or become susceptible to further injury.

We refer, in addition, to this Court's opinion in *Commercial Insurance Co. of Newark, New Jersey v. Puente*, 535 S.W.2d 948 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In *Puente*, the plaintiff/appellee injured his back while performing his duties as a refuse collector. At trial, he testified that while he would not be able to continue those duties, his condition would allow him to work as a truck driver or flagman. The jury found that the plaintiff suffered a total incapacity of a *permanent* nature. This Court held:

The testimony from this trial is convincing that appellee has suffered some permanent partial incapacity and that he cannot now perform heavy lifting and running such as he was performing when he was injured. But the overwhelming evidence from this record shows that appellee's condition does not and has not prevented him from obtaining and retaining permanent and lucrative employment calling for lighter duties which lighter duties he is able to perform full time. Therefore, after having carefully considered all the facts and circumstances of this case, we are compelled to hold that the jury's finding in Special Issue No. 3C

(that Plaintiff's total incapacity is of permanent duration) was so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust.

535 S.W.2d at 952–53.

Similarly, we find here that in light of the testimony of Dr. Gonzalez, the release to light duty, and the availability of full-time light duty work, the jury was justified in finding that the period of appellant's total incapacity ended on June 23, 1986. Point one is overruled.

■ Appellant contends by his second point of error that the jury's response to Special Issue No. 4 is against the great weight and preponderance of the evidence. Special Issue No. 4 and its answer read:

4. Do you find from a preponderance of the evidence that the injury was a producing cause of any partial incapacity?

Answer: No.

"Partial incapacity" is defined in the court's charge as "any degree of incapacity less than total incapacity, whereby a person suffers a reduction in earning capacity."

■ The Supreme Court has held that under the language of the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, § 11 (Vernon Supp.1988), one cannot be partially incapacitated unless his average weekly wage earning capacity after injury is less than his average weekly wages before injury. *Employers Reinsurance Corp. v. Holland*, 162 Tex. 394, 347 S.W.2d 605, 606 (1961); *see also Electric Mutual Liability Insurance Co. v. White*, 579 S.W.2d 946, 947 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Appellant failed to offer any evidence at trial to prove that the light duty jobs available to him yielded a lower salary than the job he retained before his injury. In fact, appellant's supervisor testified that computer operators and telephone repairmen were paid "about the same" salary. As we are unable to say that the jury's finding of

no partial incapacity is manifestly unjust, we overrule point two.

Appellant's third point of error asserts that the jury's response to Special Issue No. 6 is also against the great weight and preponderance of the evidence. Special Issue No. 6 reads:

6. Do you find from a preponderance of the evidence that Defendant failed to furnish within a reasonable time medical care reasonably required as a result of such injury?

Answer: We do not.

Appellant specifically argues that he is entitled to a lump sum for unpaid medical bills, including $5970.00 payable to Dr. Roth for services rendered after November 3, 1986, and $2679.20 payable to Spohn Hospital and Dr. Lewis for appellant's surgery and hospital stay.

Appellee counterargues that there is "ample evidence" to support the jury's implicit finding that appellant's treatment and surgery were necessitated by a pre-existing accident which took place in 1982.[1] Such an implicit finding, appellee contends, in turn justifies the response to Special Issue No. 6.

■ It is well-settled that the mere existence of a pre-existing injury or disease which aggravates or enhances a complained-of-injury does not defeat a claimant's right to recover workers' compensation benefits. In order to defeat the claim, the insurance carrier must show that the prior injury or illness is the *sole* cause of the claimant's present incapacity. *Texas Employers Insurance Association v. Page*, 553 S.W.2d 98, 100 (Tex.1977).

Appellee failed to make such a showing at trial. Dr. Gonzalez testified that the March 31, 1986 accident "aggravated" appellant's pre-existing injury. Dr. Roth stated unequivocally that the 1986 accident caused the condition for which he treated appellant. Dr. Lewis also testified that nothing in his records indicates that appellant's condition could have arisen from any pre–1986 illness or injury.

1. Appellant testified that while working for Southwestern Bell in 1982, he fell from a tele-phone pole and injured his right shoulder; he did not seek treatment for that injury until 1984.

Appellee offered no evidence suggesting that a pre-existing condition was the sole cause of appellant's incapacity and resulting medical expenses. The jury's implicit finding of a pre-existing injury and express finding of no failure by appellee to pay reasonable medical expenses are therefore against the great weight and preponderance of the evidence. Point three is sustained.

■ Appellant argues by his fourth point of error that the trial court erred in allowing appellee to present evidence of misconduct which allegedly led to his termination at Southwestern Bell.

After appellant's objections to relevancy and prejudicial effect were overruled by the trial court, appellee established through the testimony of Alfonso Champion that appellant was terminated on June 23, 1986 because he had previously threatened a co-employee with a shotgun.

Tex.R.Evid. 401 states that "relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The purpose of the complained-of testimony, according to appellee, was to show that appellant would be working for Southwestern Bell today had it not been for his violent and threatening behavior. Appellant, citing *Navarette v. Temple Independent School District*, 706 S.W.2d 308, 310 (Tex.1986), asserts that the question of whether appellant could have found work is of no consequence to the determination of the present action and is therefore irrelevant under Rule 401.

This is an incorrect interpretation of *Navarette*. In that case, the Supreme Court held that although the claimant's return to work was not conclusive evidence of her capacity to retain employment, it was *one factor* to be considered by the jury in making its disability determination. *Navarette*, 706 S.W.2d at 310. Thus, Champion's testimony constituted relevant evidence in the instant case.

We also reject appellant's contention that the evidence was inadmissible under Tex.R. Evid. 403 because its probative value was substantially outweighed by its prejudicial effect. While the evidence may have cast appellant in a negative light, we cannot say that it was so inherently prejudicial as to outweigh the jury's entitlement to know the employer's reasons for not providing him light duties and firing him instead. Finding no error by the trial court, we overrule point four.

In accordance with our disposition of point of error three, we REVERSE that part of the judgment absolving appellee of liability for medical expenses and RENDER an award of $8,649.20 to appellant. The judgment is in all other respects AFFIRMED.

## OPINION ON MOTION FOR REHEARING

■ By a motion for rehearing, appellant questions our disposition of point of error three and asserts that this Court is required to remand the cause for new trial in view of our conclusion that the jury's answer to Special Issue No. 6 is against the great weight and preponderance of the evidence. We agree with appellant's assertion and consider a re-analysis of point of error three to be in order.

Appellant's third point of error asserts that the jury's response to Special Issue No. 6 is against the great weight and preponderance of the evidence. Special Issue No. 6 reads:

6. Do you find from a preponderance of the evidence that Defendant failed to furnish within a reasonable time medical care reasonably required *as a result of such injury?*

Answer: We do not. (emphasis ours).

Appellant specifically argues that he is entitled to a lump sum for unpaid medical bills, including $5970.00 payable to Dr. Roth for services rendered after November 3, 1986, and $2679.20 payable to Spohn Hospital and Dr. Lewis for appellant's surgery and hospital stay. The issue of appellee's liability for these medical bills turns

on whether such expenses were incurred "as a result" of the March 31, 1986, injury.

The standard of review applied by a court of appeals for determining whether a jury's finding is against the great weight and preponderance of the evidence is well-known. If, after reviewing all of the evidence, the court finds that the jury's answer is so against the great weight and preponderance of the evidence so as to be manifestly unjust, the court of appeals must set aside the jury's answer and remand for new trial. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). The court has no authority to "find facts," but only to hold that a factual finding was improper, or as is sometimes stated, to "unfind" facts.

The plaintiff/appellant had the burden of proof on elements of his recovery, both of production of evidence and of persuasion. The elements of a worker's compensation action are 1) injury, 2) while in the course of employment, and 3) the extent and duration of the injury. After a worker has established that a compensable injury occurred, the carrier is responsible for all necessary medical care that results from the injury. The issue under consideration inquired whether the carrier failed to furnish medical care required as a result of the covered injury. There was no question that the care provided by Drs. Roth and Lewis, and Spohn Hospital was reasonable and necessary, nor that the costs of their treatments were incurred. The sole issue for the jury's resolution was whether the medical care resulted from the complained-of injury or a prior injury.

Appellee argues that there is "ample evidence" to support the jury's implicit finding that appellant's treatment and surgery were necessitated by a pre-existing accident which took place in 1982 and were not rendered as a result of the 1986 injury.[1] Such an implicit finding, appellee contends, in turn justifies the response to Special Issue No. 6.

It is well-settled that the mere existence of a pre-existing injury or disease which aggravates or enhances a complained-of-injury does not defeat a claimant's right to recover workers' compensation benefits. In order to defeat the claim, the insurance carrier must meet the burden of showing that the prior injury or illness is the *sole* cause of the claimant's present incapacity. *Texas Employers Insurance Association v. Page,* 553 S.W.2d 98, 100 (Tex.1977).

Appellee failed to make such a showing at trial. Dr. Gonzalez testified that the March 31, 1986 accident "aggravated" appellant's pre-existing injury. Dr. Roth stated unequivocally that the 1986 accident caused the condition for which he treated appellant. Dr. Lewis also testified that nothing in his records indicates that appellant's condition could have arisen from any pre–1986 illness or injury.

All the evidence adduced at trial suggests that the condition necessitating the medical services in question was directly caused by, or at the very least aggravated by, the 1986 injury. Appellee offered *no* evidence suggesting that a pre-existing condition was the sole cause of appellant's incapacity and resulting medical expenses; nor did it request the submission of a "sole cause" issue to the jury.

The jury's failure to find that the medical expenses were incurred "as a result" of the compensible injury are against the great weight and preponderance of the evidence. Point three is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.

---

1. Appellant testified that while working for Southwestern Bell in 1982, he fell from a telephone pole and injured his right shoulder; he did not seek treatment for that injury until 1984.