NUMBER 13-99-379-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


WORKERS' COMPENSATION 

DIVISION
, Appellant,


v.



MARIA CAVAZOS
, Appellee.

___________________________________________________________________


On appeal from the 357th District Court


of Willacy County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Cantu(1)

Opinion by Justice Dorsey



 This is a workers' compensation case that is governed by the "old"
Workers' Compensation Act. See Act of May 15, 1973, ch. 88, 1973
Tex.Gen.Laws 187, 193, amended by ch. 326, section 1, 1985
Tex.Gen.Laws 1387, 1388 repealed by ch. 1, section 4.05, 1989
Tex.Gen.Laws 33 (effective January 1, 1991) (current Act at Tex. Lab.
Code Ann. § 401.001­451.003).(2)

 Maria Cavazos was injured while on the job at the Rio Grande
State Center. She was attempting to assist a very large patient when
the patient fell. Cavazos jammed her thumb and strained her back. 
After a trial on the merits in district court, a jury found that Cavazos
was totally and permanently incapacitated as a result of the injury.

 Appellant, the Workers' Compensation Division of the Attorney
General's Office, appeals the judgment of the trial court. It contends
that the evidence adduced at trial was both legally and factually
insufficient to sustain the jury's finding that Cavazos was totally and
permanently incapacitated. We disagree.

 "Total incapacity" does not mean absolute inability to perform any
kind of labor; rather, it means that a person is disabled from performing
the usual tasks of a workman, not merely the usual tasks of any
particular trade, to such an extent that he cannot get and keep
employment. Texas Employers' Ins. Ass'n v. Hawkins, 369 S.W.2d 305,
306-07 (Tex. 1963); Gonzalez v. Texas Employers' Ins. Ass'n, 772
S.W.2d 145, 147 (Tex. App.--Corpus Christi 1989, writ denied). To
uphold a recovery for total and permanent incapacity, the evidence
must show that the worker is disabled to such an extent that he cannot
get and keep employment. Lumbermens Mut. Cas. Co. v. Garcia, 758
S.W.2d 893, 895 (Tex. App.--Corpus Christi 1988, writ denied).

 However, there is no fixed rule of evidence by which to prove
permanent disability. Proof of the extent and duration of a disability
must be determined by a jury based on all the pertinent facts. 
Navarette v. Temple Independent School District, 706 S.W.2d 308, 310
(Tex. 1986); City of McAllen v. Alvarado, 718 S.W.2d 903, 906 (Tex.
App.--Corpus Christi 1986, no writ).

 It has long been held that evidence that a claimant continued
to work and earn money after an injury does not conclusively
establish that the claimant is not totally and permanently
disabled, and such a fact will not bar recovery if the evidence
otherwise supports a total and permanent disability finding. 
This principle applies even if the claimant returns to the
same job and receives an increase in pay, because these
factors are only a part of the evidence a jury may consider in
determining capacity and disability, and do not preclude an
award for total and permanent incapacity. This is
particularly true where the claimant returned to work after
an injury out of hardship and economic necessity.


Alvarado, 718 S.W.2d at 906­07.

 Here, there is some evidence of probative value that Cavazos was
totally and permanently incapacitated by the work-related injury. Both
Dr. Mireles, who treated Cavazos for injuries stemming from the
accident at the State Center, and Cavazos herself testified that she was
permanently and totally incapacitated in that incident. Moreover, the
law is clear that the issue of incapacity may be established by the
testimony of the worker alone, and expert medical testimony is not even
required. Reina v. General Accident Fire & Life Assurance, 611 S.W.2d
415, 417 (Tex. 1981). At best, a disability's duration is an estimate that
the jury makes based on consideration of all the pertinent facts. 
Lumbermen's Mut. Casualty Co. v. Villalpando, 605 S.W.2d 705, 707
(Tex. Civ. App.--Corpus Christi 1980, no writ). We hold the evidence is
sufficient to establish that Cavazos was permanently and totally
incapacitated in the State Center incident.

 Next, the appellant contends that the trial court erred in ordering
it to pay for the doctor's fees associated with taking the deposition of
Dr. Mireles on January 7, 1999. Dr. Mireles testified on behalf of
Cavazos regarding the nature and extent of her injuries. His deposition
was originally scheduled to be taken on December 10, 1998. At that
time, the trial was set to begin on December 14, 1998.

 The Deputy Attorney General moved to quash the deposition,
arguing that she could not appear at the deposition because she had a
schedule conflict. On December 9, the trial court granted the motion to
quash. Apparently, though, neither party was aware of the order
quashing the deposition, and it went forward. However, the attorney
from the Attorney General's office did not attend due to the conflict in
her schedule requiring her to be at in court in another county at that
time.

 The day after the deposition was taken, the Attorney General filed
a motion to suppress the deposition. Apparently, a hearing was held,
and while the deposition was not suppressed, the trial was continued
in order to allow the Attorney General to take Mireles' deposition. The
second deposition was noticed for January 7, 1999.

 The Attorney General's office again moved for protection from
having to pay the expert fees for Dr. Mireles' deposition. On January
8, the trial court granted their motion for protection. Cavazos moved to
set that order aside. The trial court took up the matter after the trial
was completed. At that time, the trial court granted the motion to set
aside its order requiring Cavazos to pay for Dr. Mireles' fees for the
second deposition. Rather, the Attorney General was required to pay
those fees.

 The rule regarding payment of fees of retained experts changed on
January 1, 1999. Before then, the only authority a trial court had for
protecting a party in this manner was pursuant to rule 166b(5), which
allowed the court to protect a party from "undue burden, unnecessary
expense, harassment or annoyance, or invasion of personal,
constitutional, or property rights." Tex. R. Civ. P. 166b(5). However,
rule 195.7 became effective on January 1, 1999, and states: "When a
party takes the oral deposition of an expert witness retained by the
opposing party, all reasonable fees charged by the expert for time spent
in preparing for, giving, reviewing, and correcting the deposition must
be paid by the party that retained the expert." Tex. R. Civ. P. 195.7(5). 
The supreme court's order enacting the new rules stated:

 Rule 195 is effective January 1, 1999, except that: . . . the
rule should not be applied to disrupt expert discovery that is
in progress or impending, or that has been scheduled by
order or by agreement of the parties.


Order of Approval of the Revisions to the Texas Rules of Civil Procedure,
Misc. Docket No. 98-9196 (Tex. Nov. 9, 1998), printed in 61 Tex. Bar J.
1140 (Dec. 1998).

 We hold that applying rule 195.7 to the second deposition of Dr.
Mireles would not "disrupt expert discovery that is in progress or
impending." Because that deposition was taken on January 8, 1999,
we hold that rule 195.7 applies and requires that Cavazos pay Dr.
Mireles' fees.

 We AFFIRM the judgment entered on the jury's verdict, but
REVERSE the trial court's order setting aside its prior order protecting
the defendant from having to pay the expenses of the plaintiff's retained
expert, signed on January 8, 1998.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 30th day of November, 2000.

1. Retired Justice Antonio Cantu assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. The law of workers' compensation was completely revamped in
1991; thus, cases involving injuries that occurred prior to the effective
date of the new law are referred to as "old law" cases.