**IN RE D. Patrick SMITHERMAN, Relator**

NO. 14–17–00190–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 15, 2017.

D. Patrick Smitherman pro se.

Rex L. Kesler for Jerry Brice.

Panel consists of Chief Justice Frost and Justices Jamison and Donovan.

## OPINION

### PER CURIAM

Relator D. Patrick Smitherman filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the respondent, the Honorable Roberta Lloyd, presiding judge of the County Civil Court at Law No. 4 of Harris County, to hear and rule on relator's emergency motion to set the amount of the supersedeas bond for the appeal of a final summary judgment that orders relator to vacate his residence before the statutory deadline for posting a supersedeas bond, without the court setting the amount of the supersedeas bond necessary for relator to suspend enforcement of the judgment pending appeal.

We conditionally grant the petition for writ of mandamus.

### BACKGROUND

On March 8, 2017, the respondent signed a final summary judgment that, among other things, awarded the real party-in-interest, Jerry Brice, possession of certain residential property and ordered relator to vacate the premises on or before March 15, 2017. The county court did not set the amount of the supersedeas bond.

On March 13, 2017, relator filed an emergency motion asking the respondent to set the amount of the supersedeas bond for his appeal of the judgment, as required by section 24.007 of the Texas Property Code. In the motion relator requests that the respondent either make herself available by telephone to consider the emergency motion or provide another judge to consider the emergency motion. Under section 24.007, relator's ten-day deadline for filing the supersedeas bond would expire on March 18, 2017, but as extended by

Texas Rule of Civil Procedure 4, the deadline is Monday, March 20, 2017. *See* Tex. Prop. Code § 24.007 and Tex. R. Civ. P. 4.

### ANALYSIS

 Section 24.007 of the Property Code, which governs appeals in eviction suits, provides in relevant part: "A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code § 24.007. The county court has a duty to set the amount of the supersedeas bond so that a party in an eviction suit may file the bond within ten days of the signing of the judgment. Because the tenth day falls on a Saturday, relator's deadline for filing the supersedeas bond is Monday, March 20, 2017. *See* Tex. Prop. Code § 24.007 and Tex. R. Civ. P. 4. But, the respondent ordered relator to vacate the residential premises by March 15, 2017. If relator forfeits possession and vacates the premises as ordered, any appeal of the judgment in the eviction suit might become moot. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Relator is unable to suspend enforcement of the judgment because the supersedeas bond amount has not been set and is not known, and thus relator is without a means to stay enforcement of the judgment.

The county court has a duty to set the amount of the supersedeas bond under section 24.007 before the statutory deadline, so that a party seeking to appeal may have the opportunity to timely file the bond. *See* Tex. Prop. Code § 24.007. The statutory time constraints require prompt action. We conclude that under the circumstances of this case, the respondent's requiring the relator to vacate the residential premises before the statutory deadline, without setting the amount of the supersedeas bond constitutes an abuse of discretion. We therefore conditionally grant the petition for writ of mandamus and direct the trial court to set the amount of the supersedeas bond by 2:00 p.m. on March 17, 2017, or, if the respondent is unable to do so, then transfer the matter to another county court judge to set the amount of the supersedeas bond by that time.

We are confident the respondent will act in accordance with this opinion. The writ of mandamus shall issue only if the respondent fails to do so.