**CONDITIONALLY GRANT; and Opinion Filed December 14, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01286-CV

## IN RE JAY COOPER, Relator

**Original Proceeding from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-02636-2018**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

Relator Jay Cooper, a vexatious litigant, is subject to a prefiling order under section 11.101 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101. In compliance with the prefiling order, Cooper sought permission from the Honorable Ray Wheless, Presiding Judge of the First Administrative Judicial Region, to file a petition for writ of mandamus in this Court. By order dated October 23, 2018, Judge Wheless denied permission to file the mandamus petition. In this original proceeding, Cooper argues this Court should grant mandamus ordering Judge Wheless to grant permission under civil practice and remedies code section 11.102. By order dated October 26, 2018, we stayed the underlying judgment, stayed all efforts to enforce the judgment, and requested responses from the real party in interest and respondent. The responses were due November 2, 2018, but none were filed. For the reasons that follow, we conditionally grant the writ.

BACKGROUND

After a nonjury trial in County Court at Law No. 6, Collin County, the trial court rendered judgment against Cooper and others in a forcible detainer suit. The forcible detainer plaintiff, The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A., as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2004-RP1, obtained a judgment for possession of property on Janwood Drive in Plano. The judgment, signed on October 19, 2018, made no mention of a supersedeas bond. The trial court ordered that a writ of possession "shall issue to the proper officer, commanding such officer to seize possession of the above-described premises and deliver the same to Plaintiff after six (6) days expire from the date of signing this Judgment."

On October 22, 2018, Cooper filed an emergency motion to set supersedeas bond. He pleaded that under section 24.007 of the property code, his ten-day deadline for filing a bond to supersede the judgment would expire on October 29, 2018. He also requested that "he have all of the ten (10) days required by law to supersede the judgment without concern that a writ of possession will issue before the expiration of ten (10) days following the judgment." He contended that the trial court's judgment ordered him to vacate the premises before the statutory deadline for filing a supersedeas bond, and he asked the court to hear his motion and set the amount of the supersedeas bond "as required by § 24.007, Texas Property Code." With his emergency motion to set the supersedeas bond, Cooper filed an emergency motion for telephone hearing on the motion.

The following day, October 23, 2018, Cooper submitted a proposed petition for writ of mandamus to Judge Wheless, requesting permission to file the petition in this Court. Judge Wheless denied permission by written order the same day, ruling:

> The Court has reviewed the motion, the affidavit of Jay Cooper and the exhibits attached to the motion. The Court finds that Jay Cooper has not shown a good faith basis for setting aside the trial court's order, that any appeal from that order would be frivolous and would be sole[l]y for the purpose of delay.

IT IS THEREFORE, ORDERED that the Plaintiff's motion to file his petition for writ of mandamus with the Fifth District Court of Appeals is DENIED.

The trial court did not rule by written order on Cooper's emergency motions. Instead, according to a docket sheet included in Cooper's sworn mandamus record, the trial court on October 23, 2018, made a "Judge's Docket Entry" stating "Defendant[']s Motion to Set a Supersedeas Bond is Moot, The Court has already done so when it found the defendant guilty (See the docket entry from 10/19/2018)." The October 19 Judge's Docket Entry provided,

> Defendant is found GUILTY of Forcible Detainer and Entry. Defendant is ORDERED to vacate the premises no later than 12 noon on 10/26/18. Defendant is ORDERED to pay Court Costs. A Supersedeas Bond is set in the amount of $214,000 and must be paid within 10 days from today otherwise Writ of Possession will be issued.

Cooper now requests that we grant his petition for a writ of mandamus directing Judge Wheless (the "Presiding Judge") to grant permission to file a petition for writ of mandamus in this Court to seek a writ directing the trial court to issue an order setting a supersedeas bond.

### MANDAMUS STANDARD

Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). To determine if a party has an adequate remedy by appeal, the appellate court evaluates whether "any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Further, an appeal is not an adequate remedy when a party stands to lose a substantial right. *See Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding).

**APPLICABLE LAW**

A person who has been declared a vexatious litigant must seek permission to file a litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a). The appropriate local administrative judge may grant a vexatious litigant permission to file a litigation "only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." *Id.* § 11.102(d). The appropriate local administrative judge may decide the request with or without a hearing. *Id.* § 11.102(c). The denial of permission to file a litigation is not an appealable order. *Id.* § 11.102(f). A vexatious litigant who is denied permission to file a litigation may apply for a writ of mandamus within thirty days of the decision. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f); *Reeves v. State*, No. 05-12-01142-CV, 2013 WL 1249713, at *1 (Tex. App.—Dallas Feb. 13, 2013, no pet.) (mem. op.).

Docket sheet entries alone are insufficient to constitute a judgment or decree of the court. *Bailey–Mason v. Mason*, 122 S.W.3d 894, 897 (Tex. App.—Dallas 2003, pet. denied). "A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *In Interest of K.B.W.*, No. 05-14-01273-CV, 2015 WL 751530, at *1 (Tex. App.—Dallas Feb. 19, 2015, no pet.) (mem. op.) (quoting *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 772 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ)).

Judgment in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE ANN. § 24.007; *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006). "The county court has a duty to set the amount of the supersedeas bond so that a party in an eviction suit may file the bond within ten days of the signing of the judgment." *In re Smitherman*, 533 S.W.3d 907, 909 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam). The court in *Smitherman* also explained that the county court has a duty under property code section

24.007 to set the amount of the supersedeas bond "before the statutory deadline, so that a party seeking to appeal may have the opportunity to timely file the bond." *Id.*

The Presiding Judge found that "Cooper has not shown a good faith basis for setting aside the trial court's order, [and] that any appeal from that order would be frivolous and would be sole[l]y for the purpose of delay." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d). Cooper's request to the Presiding Judge, however, was permission to challenge the trial court's failure to set the amount of the supersedeas bond, not permission to challenge the merits of the forcible detainer judgment.

Cooper cannot stay the judgment in the forcible detainer action without filing a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE ANN. § 24.007. Cooper had only ten days to post a bond in order to stay execution of the trial court's judgment pending appeal. *Id*. He could not meet the statutory deadline without a ruling from the trial court setting the amount of the bond. The trial court's docket sheet entry was insufficient to constitute an appealable judgment or order, *see Bailey–Mason*, 122 S.W.3d at 897, and in any event conflicted with the trial court's judgment, which ordered that a writ of possession shall issue within six days, not ten. Consequently, we conclude that Cooper showed a good faith basis for requesting permission to file a petition for writ of mandamus to order the trial court to set the amount of a supersedeas bond. *See In re Smitherman*, 533 S.W.3d at 909.

For these reasons, we conclude the Presiding Judge abused his discretion by denying permission to file a petition for writ of mandamus with this Court challenging the trial court's failure to set the amount of the supersedeas bond, and Cooper has no adequate remedy by appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) (local administrative judge's denial of permission under § 11.102(d) is not grounds for appeal). Accordingly, we conditionally grant the

–5–

petition for writ of mandamus. We direct the Presiding Judge to issue, within five (5) business days of the date of this opinion, a written order (1) vacating his order of October 23, 2018, denying permission under section 11.102, Texas Civil Practice and Remedies Code, to relator to file a petition for writ of mandamus in this Court, and (2) granting permission under section 11.102, Texas Civil Practice and Remedies Code, to relator to file a petition for writ of mandamus in this Court to order the trial court to set the amount of a supersedeas bond required to stay the trial court's judgment of October 19, 2018. We are confident the Presiding Judge will comply, but a writ will issue if the Presiding Judge fails to comply.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181286F.P05